SAMUEL SCHWAB v. CHRISTOPHER R. MABLEY ET AL.
MAX SCHOTT v. CHRISTOPHER R. MABLEY ET AL.
JOSEPH P. LEROUX ET AL. v. CHRISTOPHER R. MABLEY ET AL.

*Conspiracy to prevent suit and obstruct enforcement of judgment.*

Where the declaration in a civil action for conspiracy does not show the specific means to be used, it must accurately describe the illegal purpose aimed at.

It is not an actionable wrong to delay or prevent a trial unless illegal means are used.

A declaration for conspiracy must definitely and issuably set forth the facts complained of, so that if they are admitted the court can draw legal conclusions; it is not enough to merely aver that they are unlawful.

Proof of an illegal purpose alone is enough to sustain a criminal prosecution for a conspiracy. But a civil action will not lie unless the purpose be so far carried out as to unlawfully damage the plaintiff.

In a declaration in case for a conspiracy to prevent the trial of pending suits, it is insufficient to aver merely that by " divers false pretenses, subtle means and devices " defendants have "prevented and defeated the trial of said cause;" nor is it sufficient to refer to threats, as a means employed, without showing their tenor; a mere averment that they are unlawful is not enough.

A declaration in case for conspiracy to prevent the enforcement of a judgment is insufficient in merely alleging that the defendant " did knowingly and willfully and unlawfully oppose and obstruct the said sheriff in attempting to execute said writ," if the record does not show the manner and circumstances under which he did so; and an allegation of injury which merely declares that defendant "delayed and obstructed plaintiff in the collection of the judgment" and put him to great expense in removing the obstructions is fatally defective in presenting no issuable facts, and is open to the inference that the judgment may have been collected and is also consistent with methods of obstruction and delay some of which would not be actionable.

Error to the Superior Court of Detroit.   Submitted January 17.   Decided January 25.

CASE.   Plaintiffs bring error.   Affirmed.

*Griffin, Dickinson, Thurber & Hosmer* for plaintiffs in error.

*Wisner & Speed, G. V. N. Lothrop* and *Ashley Pond* for defendants in error. Conspiracy cannot be the subject of a civil action unless it results in actual damage, and the allegation of conspiracy is surplusage: *Hamilton v. Smith* 39 Mich. 230; *Hutchins v. Hutchins* 7 Hill 104; *Barber v. Lesiter* 7 C. B. (N. S.) 184; an act which, if done by one alone, would constitute no ground of action on the case cannot be made to, by alleging it to have been done through a conspiracy to bring about some purpose: *Kimball v. Harman* 34 Md. 410; every averment in a pleading must be taken most strongly against the pleader: 1 Chitty Pl. § 237; Steph. Pl. 378; *Howard v. Gosset* 10 Q. B. 383; if a declaration in tort is based upon a threatening communication which includes lawful as well as unlawful menaces, the presumption is that resort was intended to legal measures: *Hunt v. Simonds* 19 Mo. 583; an action for malicious prosecution lies for the institution of legal proceedings with malice and without any probable cause for them: Cooley on Torts 188.

CAMPBELL, J. These actions are in most respects alike in allegations, and are in all respects alike in the legal questions involved. They are all for damages alleged to have arisen from a conspiracy to defeat the several plaintiffs in prosecuting or enforcing legal proceedings. In Schwab's case the interference was alleged to have been with the enforcement of a judgment. In the other cases it referred to pending suits, and the interference was to delay and prevent the trial.

The allegation of a mere conspiracy need not, perhaps, in all cases, show the specific means which the conspirators intend to use, because they may reserve some latitude as to choice of expedients. But the illegal purpose which they mean to accomplish must be described accurately, because unless the object is illegal, or means agreed upon are illegal, there is no wrong chargeable.

The delay or prevention of a trial is not necessarily improper or illegal, and there can be no wrong in securing it except by illegal means. It is not enough to aver that acts done or intended are unlawful or illegal. The acts complained of must be definitely and issuably shown, so that if the facts themselves should be admitted the court can draw legal conclusions. An averment that a party has acted unlawfully, without showing what he did, is not an averment of issuable facts.

But although a conspiracy may be punishable criminally where an illegal purpose is sufficiently shown, without proof of its further execution, this is not so in civil proceedings. No one can complain civilly of any action of another, unless he has been unlawfully damaged thereby. This is one of the first elements of the law. And in the present case the conspiracy does not create any liability even if it could be proved, without allegation and proof of damage.

The court below held all of these declarations bad on demurrer, for want of any actionable averments.

The only averment in relation to mischief accomplished in the two cases of pending suits is, that by " divers false pretences, subtle means and devices" they have " prevented and defeated the trial of said cause." This avers nothing tangible whatever. If we should regard the averments connected with the conspiracy as forming a part of the charges of this result, they are no more definite; for the threats which are referred to are not definitely described so as to show the tenor of the writings or of the verbal threats, which, if set out in an issuable form, might not appear to have been made in any unlawful way; and if so, the general averment of illegality would not cure the statement which the court might not regard as leading to such a consequence. Such general averments are not admissible as legally sufficient. We know nothing from this declaration which could furnish any basis for legal issue or judgment.

In the Schwab case, where in addition to the same vague charges of conspiracy, the judgment may perhaps be correctly described, although not in the usual way, and it is

possible the execution might be identified from the description, but the manner and the circumstances under which defendant "did knowingly and willfully and unlawfully oppose and obstruct the said sheriff in attempting to execute said writ" cannot be discovered from the record. It does not appear whether forcibly or peaceably, whether by litigation or by what other means. It does not appear what was the effect of such opposition. And in the only clause which finally sets out the harm done it is that defendants "delayed and obstructed plaintiff in the collection of the judgment" and put him to great expense in removing the obstructions. This is at least open to the inference that the judgment may have been collected. It is consistent with a great many different methods of obstruction and delay, some of which at least would not be actionable. And it is open to the fatal defect of presenting no issuable facts.

Upon a careful examination of these records we have not been able to find a single averment of any tangible grievance which defendants could be called upon to answer.

The judgments below were correct and must be affirmed with costs. The declarations are too defective for amendment.

The other Justices concurred.