## OAKLAND PAVING COMPANY, APPELLANT, v. EMMA BAGGE ET AL., RESPONDENTS.

STREET ASSESSMENT — PUBLICATION OF NOTICE OF INTENTION — FINDINGS — APPEAL FROM JUDGMENT. — When the superior court, in an action to enforce a street assessment, finds all the facts which are necessary to sustain the validity of the assessment, including facts showing a sufficient publication of the notice of intention, but draws an erroneous conclusion of law from the finding that the publication was void and insufficient to give jurisdiction to award the contract for the street improvement, and consequently renders judgment for the defendant, upon appeal by the plaintiff from such judgment, a judgment will be rendered in favor of the appellant upon the findings.

APPEAL — REVERSAL OF JUDGMENT UPON FINDINGS — AWARD OF NEW TRIAL. — When it is conceded by the respondents that the findings do not support the judgment, and the only question is whether judgment should be rendered for the appellant upon the findings, or whether there should be an award of a new trial, judgment will be rendered for the appellant without awarding a new trial, when a correct conclusion of law upon the findings will justify such course, and there is no reason to suppose that the evidence upon a new trial will vary the rights of the parties.

APPEAL from a judgment of the Superior Court of the county of Alameda.

The conclusion of law drawn by the superior court from its findings of facts was as follows: "That the eleven successive daily publications of the resolution of intention herein, of which eight were made in regular issues of the said Transcript newspaper, two in special issues as heretofore found, and one on a Sunday, were less than the ten secular publications in regular issues of the paper, required by the statute, which enables the city council of Oakland to acquire jurisdiction to order street work 'after notice of their intention so to do, in the form of a resolution describing the work, and signed by the clerk of said council, has been published for a period of ten days'; and that said jurisdiction was never acquired; and that the succeeding proceedings, assessment, diagram, and warrant were otherwise regular

and sufficient in form, but were wholly void for want of any acquisition of jurisdiction; and therefore that the plaintiff has and holds no lien upon the lot and parcel of land described in the complaint; that the defendants herein are entitled to a judgment in due form, that the plaintiff take nothing by this action, and that the defendants have their costs from the plaintiff." The further facts are stated in the opinion.

*J. C. Martin, H. Vrooman,* and *C. T. H. Palmer,* for Appellant.

*E. F. Preston,* for Respondent.

FOOTE, C.—In both of the above-styled causes, the questions involved are the same, and a decision as to one is conclusive as to the other.

The appeals were taken by the plaintiff from judgments rendered in favor of the defendants, and are here upon the judgment roll alone. There was no motion for a new trial in the court below.

Upon the first call of one of the cases, respondents, who had not then filed any points or authorities, offered to allow the judgment to be reversed, and the cause to be remanded for a new trial. To this appellant would not consent; and filed additional points and authorities, urging a reversal of the judgment, and that the court below be directed to enter a judgment in its favor on the findings. This is resisted by respondents, on points and authorities filed in one of the causes, urging that the judgment should be reversed and cause remanded for a new trial.

The action was upon a street assessment. The court below, from the findings, drew the conclusion of law that the city council of Oakland never acquired jurisdiction to order the street-work on which the assessment was made, because of the want of sufficient publication of "the notice of intention."

This conclusion and the judgment is conceded by the respondents to be wrong upon the findings. The charge of fraud set up in the answer was abandoned, as the findings show, and there seems to be no question as to the regularity and sufficiency of the other proceedings subsequent to the publication of the "notice of intention," as was found by the court below. There is no reason whatever to suppose that the evidence upon the question as to how the publication was made would be different on a retrial from what it was before.

The causes in hand are very similar to that of *Dyer* v. *Chase*, 57 Cal. 284, where the court below found that the board of supervisors had not acquired jurisdiction to order the work, but it also found all the facts as giving jurisdiction to the board. The appellate court reversed the judgment, with directions to the court below to enter a judgment for the plaintiff upon the findings as prayed for in the complaint. And this was done within the rule laid down by the appellate court in *Schroeder* v. *S. L. T. V. G.*, 60 Cal. 467, citing and affirming *Griffin* v. *Marquardt*, 17 N. Y. 28, "that extreme caution ought to be exercised in refusing new trials where judgments are reversed. The discretion of the appellate court should be exercised in that direction only in cases where it is plain, either from the pleadings or from the nature of the controversy, that the party against whom the reversal is pronounced cannot prevail in the suit."

We think, therefore, that the judgments should be reversed, and the causes remanded, with directions to the court below to render judgments for the plaintiffs upon the findings, as prayed for in the complaint.

HAYNE, C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgments are reversed, and the causes remanded, with directions to the court below to render judgments for the plaintiffs upon the findings, as prayed for in the complaint.