[Civ. No. 1161. Fourth Appellate District.—August 3, 1935.]

C. A. CARLSON et al., Respondents, v. BERTHA M. MURPHY et al., Appellants.

J. C. Hizar and T. D. McLean for Appellants.

Frank Erzinger and John H. Bowlby for Respondents.

HARDEN, J., pro tem.—Joseph W. Murphy was engaged in the business of buying and selling mortgages in San Diego under the fictitious name of Joseph W. Murphy Mortgage Company. On June 14, 1929, he made, executed and delivered to plaintiffs a written guaranty for the payment of principal and interest on a $4,000 note which he caused to be assigned to plaintiffs. After Murphy's death, on September 18, 1929, the business was carried on for a time by his wife, the defendant Bertha M. Murphy, and thereafter was continued by defendant Walden. Defendant Lytle was employed as salesman for the business during all three administrations. The principal sum of the note became due May 1, 1932, but was not paid. No claim was filed against Murphy's estate upon his guaranty.

Suit was brought against the defendants for damages for alleged misrepresentations. After a jury trial and verdicts for plaintiffs, judgment was entered against all defendants for actual and exemplary damages. Defendants appeal from the judgment.

The cause of action is predicated upon alleged false representations on the part of the defendants, in reliance on which plaintiffs failed to file a claim against Murphy's estate, whereby plaintiffs lost the value of the note and guaranty. The alleged misrepresentations were to the effect that Joseph

W. Murphy Mortgage Company was a corporation or other legal entity, the obligations and existence of which continued after Murphy's death. The purpose and intent of the defendants in the making of said false representations is set forth in the complaint as being "to thereby retain and continue to receive the continued patronage and business of these plaintiffs . . . and profit thereby". It is not stated in the complaint that the alleged misrepresentations were made with the intent of inducing plaintiffs not to file a claim upon said guaranty against Murphy's estate. In fact, in plaintiffs' brief their counsel concedes that the misrepresentations were not made for that purpose, nor for any other purpose than to retain the patronage of plaintiffs and to profit thereby. It is alleged that said representations (to retain the patronage, etc.) were made "wilfully, knowingly, fraudulently and with intent to deceive and defraud plaintiffs"—allegations of actual fraud as distinguished from constructive fraud. There is no allegation of confidential or fiduciary relations between plaintiffs and defendants, nor any other allegation of circumstances to establish constructive fraud.

The question is whether the complaint states a cause of action. By demurrer and at all appropriate stages of the proceedings objection was made by defendants to the sufficiency of the complaint, for lack of an allegation that defendants intended to induce plaintiffs to forbear filing a claim against the estate.

This is an action for legal relief only, founded upon allegations of actual fraud. We are not concerned with what allegations would suffice to state a cause of action for constructive fraud under section 1573 of the Civil Code; nor with actions for equitable relief from fraudulent conduct. (As to the latter, and for discussion of fraud at law and fraud in equity—Pom. Eq. Jur., 4th ed., vol. 2, sec. 873, p. 1804, note 2.)

We think we may warrantably review the holdings of several of the authorities upon the subject: (Italics ours.)

In *Packard Phoenix Motor Co.* v. *McRuer*, 41 Ariz. 450 [19 Pac. (2d) 332], the Supreme Court of Arizona listed the elements of an action for fraudulent misrepresentations as follows: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) *his intent that it should be acted upon;*

(6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his injury.

"The pleading must not only allege damage, but it must also appear that the damage claimed was sustained by reason of the fraud. In other words, it must appear from the pleading that the relationship of cause and effect existed between the alleged fraud and the damages sought." (*Timmer* v. *Leonard*, 139 Or. 274 [9 Pac. (2d) 1048].)

In *Butterfield* v. *Barber*, 20 R. I. 99 [37 Atl. 532], defendant made representations to plaintiff to be communicated to defendant's creditor, to obtain extension of time on a claim which was subsequently transferred to plaintiff. It was held the plaintiff could not recover for deceit, as the representations were not made with intention to induce action on his part.

In *Schwab* v. *Mabley*, 47 Mich. 572 [11 N. W. 390], it was said:

"The allegation of a mere conspiracy need not, perhaps, in all cases, show the specific means which the conspirators intend to use, because they may reserve some latitude as to the choice of expedients.

"But the illegal purpose which they mean to accomplish must be described accurately, because unless the object is illegal, or means agreed upon are illegal, there is no wrong chargeable."

Likewise, in *Huston* v. *Ohio etc. Smelting Co.*, 63 Colo. 152 [165 Pac. 251], the court said:

"But these alleged false representations were made, if at all, long prior to the time plaintiff made his election, and were made, as he says, to induce him and his wife to purchase additional shares. They were not made with the purpose or intention of influencing plaintiff to accept an assignment of the shares in the manner pleaded, and plaintiff cannot base an independent cause of action upon such alleged misrepresentations."

In *Cheney* v. *Dickinson*, 172 Fed. 109 [28 L. R. A. (N. S.) 359], misrepresentations were made in a prospectus with an intention of inducing the purchase of treasury stock of a corporation. In reliance thereon, plaintiff bought stock in the open market. In support of a holding that plaintiff had no

cause of action for the misrepresentations the court stated, quoting from another federal case:

" 'It has never been a ground of action that the defendant made a dishonest representation, and that the plaintiff had relied upon it and sustained injury. The moral obligation to speak the truth is not a ground for civil action, unless the misrepresentation was intended to induce the very action by the plaintiff which has resulted in his damage.' "

See, also, *Ashuelot Sav. Bank* v. *Albee,* 63 N. H. 152 [56 Am. Rep. 501], where in commenting on the failure of proof to establish the different elements of the case, including the failure to establish that the representations were made with "any expectation of their coming to the defendants' knowledge, or with any belief or reason to believe they would induce *anyone to become a surety of the treasurer"*, the court said, "The necessary privity is not shown."

"There can be no redress for misrepresentations made without intent to induce the particular action taken by the hearer." (26 Cor. Jur. 1120, sec. 45.)

Pomeroy's Equity Jurisprudence, fourth edition, volume 2, section 879, states:

"It is an essential requisite, both in equity and at law, that the representation, whatever be its form, must be made for the purpose and with the design of procuring the other party to act,—of inducing him to enter into the contract or engage in the transaction.

"It must therefore be, of necessity, preliminary to the actual conclusion of the transaction, and in the great majority of instances it is made during and forms a part of a negotiation between the parties, which terminates in the contract or other transaction . . .

"Such being the object of the representation, *it must relate to and be directly connected with the very contract or other transaction in question; must deal with its subject-matter or other material terms,* and not be confined to other and distinct relations, transactions, or matters in which the parties are concerned."

In *Harding* v. *Robinson,* 175 Cal. 534, 539 [166 Pac. 808], the complaint was held to be insufficient for lack of an allegation of an intent to deceive Lombard or of an intent to induce him to enter into the contract. In *Ayers* v. *Southern Pac.*

*R. R. Co.*, 173 Cal. 74, 79 [159 Pac. 144, L. R. A. 1917F, 944], it is said:

"It is not alleged that the so-called promise was made without any intention of performing it, nor even that it was made with intent to deceive or defraud the plaintiff, or to induce her to buy the property. Such allegations are necessary in pleading false representations as fraud."

"A fraudulent representation is an antecedent statement made as an inducement to the contract, but is not a part or element of the contract." (*Griswold* v. *Morrison,* 53 Cal. App. 93, 99 [200 Pac. 62, 65].)

 From the foregoing authorities and from the language of section 1572 of the Civil Code, defining actual fraud, and of sections 1709 and 1710, defining fraudulent deceit, we conclude that to state a cause of action for legal relief, based upon actual fraud, a plaintiff must allege an intention on the part of the defendant to induce the particular action which resulted in the damage.

The complaint does not state a cause of action.

 The frank admission of plaintiffs' counsel is commendable. The effect is to concede that the plaintiffs cannot truthfully amend to make the complaint state a cause of action. Under such circumstances, judgment should be ordered for the defendants. (*Oakland Paving Co.* v. *Bagge,* 79 Cal. 439 [21 Pac. 855]; *Schroeder* v. *Schweizer Lloyd Transp. V. G.,* 60 Cal. 467 [44 Am. Rep. 61].)

The judgment is reversed; and it is ordered that judgment be entered in the trial court in favor of the defendants.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 30, 1935.