## HORNER ET AL. v. BRAMWELL.

1. PRACTICE—WAIVER.

By answering over after demurrer to complaint overruled, the defendant waives his objections on the grounds of defect of parties defendant and of uncertainty and ambiguity relied upon in the demurrer.

2. SAME—NEW PARTIES.

Where a complete determination of the controversy cannot be had without the presence of other parties, they should be brought in. Under the circumstances of this case, certain persons should have been made parties defendant according to the prayer of the answer and cross complaint.

3. EQUITY—REFORMATION—RESALE.

By mutual mistake in a deed of trust intended to cover several tracts of land, one tract intended to be included was omitted and another not owned by the grantor was included. The mistake was not discovered until after a sale under the deed of the land described to the holder of the notes to secure which the deed was given for a sum less than the amount of the claim. *Held*, that it was error to decree the balance to be a lien upon the tract omitted without releasing the grantor from his warranty of title as to the tract included by mistake; and, further, that as it appeared that the property intended to have been included in the trust deed could have been sold to better advantage in its entirety, the sale should have been set aside, the trust deed reformed and the trustee directed to sell under the same as reformed.

*Error to the District Court of Jefferson County.*

Mr. J. W. HORNER, *pro se*, and Mr. A. S. BLAKE, of counsel.

Mr. W. A. DIER, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This action was instituted by William C. Bramwell, plaintiff, against John W. Horner, Tillie B. Horner and others. It is based upon certain promissory notes for various amounts, aggregating $2,750, and interest, and a deed of trust upon four hundred acres of land in Jefferson county, Colorado, given to secure the payment of the notes. The principal controversy in the case grows out of a mistake in the description of one eighty acre tract in the deed of trust.

The following facts, *inter alia*, were alleged in the complaint: That the defendants, John W. Horner and Tillie B. Horner, were the owners in fee of four hundred acres of land, on the 27th day of June, 1889, situate in Jefferson county, Colorado, and particularly described. On that day the defendants executed four promissory notes, aggregating $2,750, payable five years after the date thereof, and drawing interest at seven per cent per annum, payable semiannually, the interest being represented by interest coupon notes, and both principal and interest being payable to The Security Investment Company, of Yankton, Dakota.

The execution of a deed of trust to William M. Ingersoll, as trustee, upon four hundred acres of land, for the purpose of securing the payment of the notes, is next alleged; and it is averred that eighty acres of land, not belonging to the defendants, were included in this instrument in lieu of eighty acres omitted by mutual mistake.

It is averred that, by the terms of the deed of trust, if any installment of interest should not be paid when due, or if the defendants should fail to pay all taxes legally assessed upon

the property, the holders of the notes might declare the whole sum, principal and interest, due, and require the trustee to proceed and sell the property.

It is alleged that the interest which fell due on the 1st day of October, 1892, and upon subsequent dates, had not been paid; that the taxes for the year 1892 were due and unpaid; and that the plaintiff, who had in the meantime become the owner of the notes and accounts, elected to declare the entire amount, principal and interest, due, and upon his request the premises described in the trust deed were afterwards sold by the trustee in manner and form as provided in the deed of trust, due and proper notice having first been given.

It is averred that after executing the deed of trust, the defendants, John W. Horner and his wife, Tillie B. Horner, by their deed of general warranty, duly granted and conveyed to one George E. Ross-Lewin the four hundred acres of land intended to be described in the deed of trust, but that such latter conveyance was made subject thereto; that afterwards Ross-Lewin conveyed the eighty acres in dispute to one Meston, Meston, in turn, conveying it to plaintiff.

This conveyance by John W. and Tillie B. Horner, while in form purporting to convey the whole right, title, interest and estate of said grantors in the property, the fact is alleged to be that it was intended by the parties as a mortgage only. It is further alleged that at the sale made by the trustee the sum of $1,000 was the best bid received, and that it was sold for that sum to Meston, who was acting at the time as the agent of the plaintiff; that of this amount $209.55 was paid out by the trustee as costs and expenses of executing the trust; that the balance of $790.45, was applied upon the principal and interest of the indebtedness to secure which the trust deed was executed, leaving a balance due at that time of $2,107.13 upon the notes, which is still due and unpaid.

It is further averred that at the time of the execution of the trust deed, and also at the time of the sale by the trustee, all parties believed that the deed of trust contained a correct

description of the premises intended to be conveyed therein by the said John W. Horner and Tillie B. Horner, and that they did not know or discover the existence of the mistake in the description until after the sale by the trustee, viz., about January 15, 1893; and that the transfer from Ross-Lewin, through Meston, to plaintiff, was for the purpose of correcting such mistake.

The plaintiff demands judgment for the sum of $2,107.13, with interest thereon from January 7, 1893, and costs of suit; also, that said sums be declared a lien upon the eighty acres omitted by mistake from the deed of trust, and that the said premises be sold by the sheriff, under the same terms as provided in the deed of trust—that is, upon thirty days' notice, and without redemption.

To this complaint a demurrer was filed by the Horners upon the following grounds:

1. Defect of parties defendant.

2. Ambiguity and uncertainty.

3. Failure of facts to constitute a cause of action.

This demurrer having been overruled, separate answers were thereafter filed by The Security Investment Company and William M. Ingersoll, admitting all the allegations of the complaint.

The defendants, John W. Horner and Tillie B. Horner, joined in an answer. This answer admits the facts averred in the complaint with reference to the execution of the deed of trust, mistake in description, default in the payment, sale of the property, and conveyance by the trustee, the execution of the warranty deed to Ross-Lewin, in the character and for the purposes mentioned, and that title had passed by various mesne conveyances to the plaintiff. It is alleged that the conveyance by the Horners to Ross-Lewin was to secure an indebtedness to The First National Bank of Denver, amounting to a sum in excess of eight thousand dollars; that it was, in fact, but a mortgage, and so understood by all the parties; and that it was expressly made subject to the prior deed of trust to William M. Ingersoll for the use

and benefit of the owner of the notes, and that all parties supposed at the time that it included the omitted parcel of land.

As a second and further defense, the Horners, admitting the making of the notes and coupons, default in payment, mistake in description in the deed of trust, allege that Francis I. Meston purchased the land at the trustee's sale, including the eighty acres included in the deed of trust by mistake; that said trust deed contained full covenants of warranty, of good and perfect title, and lawful authority to convey, which covenants are in full force, and unreleased.

It is averred that until this parcel of land shall be reconveyed to these defendants, or the covenants contained in the deed of trust shall be released, the plaintiff is not entitled to any relief; and that the rights of the parties to the eighty acre tract can only be fully determined in an action to which Francis I. Meston shall be a party.

By way of a further defense and counterclaim, the Horners admitting the allegations of the complaint as heretofore, allege that all the buildings belonging to the four hundred acre tract of land intended to be included in the deed of trust are, in fact, located upon the eighty acres omitted therefrom by mistake; that these buildings consist of a frame dwelling house, containing nine rooms; and a stone cellar; one log dwelling house, containing four rooms; a large barn, with threshing floor in the centre, and suitable stabling on each side, and mows for hay, with wagon house and shed for a large number of cattle; chicken house, and other suitable outbuildings for the whole ranch of four hundred acres; but of practically no value to the eighty acre tract omitted, except as the same is used in connection with the remaining three hundred and twenty acres. They allege that they were greatly prejudiced by the sale under the trust deed, omitting the eighty acres as aforesaid, and that by reason thereof the price bid at the trustee's sale was but a small fraction of what the premises would otherwise have brought.

This pleading is very voluminous, containing, as it does,

many matters of evidence which should not be included therein, and other matters entirely foreign to the issues between the parties. It concludes with a prayer that The First National Bank of Denver, George E. Ross-Lewin and Francis I. Meston may be made parties to the suit; that the sale under the deed of trust be set aside, and held for naught; that the mistake in the description in the deed of trust be corrected, and that a resale of the property be made.

The new matters set up in the answer were denied by the replication. Upon these issues the cause was tried to the court. The trial resulted in a judgment for plaintiffs in the sum found due upon the promissory notes, and a decree making the same a lien upon the eighty acres omitted by mistake from the deed of trust, and ordering a sale of this tract of land by the sheriff, upon thirty days' notice, without the right of redemption. To reverse this judgment, the case is brought here by appeal.

The defendants, by answering, waived all the grounds relied upon by demurrer, except the one attacking the complaint for failure to state facts sufficient to constitute a cause of action. There was no error in overruling the latter ground of demurrer, for the reason that the complaint alleges the execution and assignment of the notes, default in the payment of the interest, etc., when due, with a prayer for judgment for the sum due.

Upon the coming in of the answer, the court should have made Francis I. Meston, George E. Ross-Lewin and The First National Bank of Denver parties defendant, according to the prayer of the answer and cross complaint. Meston was a necessary party to the action, for the reason that the defendants, the Horners, had executed the deed of trust covering the eighty acres included by mistake, with full covenants of warranty. Meston, being the purchaser at the trustee's sale, could sue upon these covenants. He should, therefore, have been brought in upon the request of the Horners, to the end that the rights of all parties might be fully adjudicated, and finally determined in this action.

So, also, Ross-Lewin and The First National Bank should both have been made parties, the bank for the reason that the property was deeded to Ross-Lewin as security for a loan made by the bank. The interests of the bank could not be cut off without affording it an opportunity to present its claim for a lien upon the property. Ross-Lewin was a proper party, for, although he had title in fee to the premises, it is admitted by the parties that he held only the legal title to the property in trust, and from aught that appears had no right to convey the same and thereby cut off the rights of the bank.

In decreeing the amount of the judgment a lien upon the eighty acres omitted from the deed of trust, without in any manner releasing the defendants from the obligations imposed upon them as to the eighty acres included therein by mistake, the district court committed serious error. It appears from the evidence that the property could have been sold to better advantage in its entirety—that is, the whole four hundred acres together. The proper course under the circumstances would have been for the district court to have entered a decree, setting aside the sale made by Ingersoll under the trust deed, reforming the instrument, and directing the trustee to proceed to sell under the same as reformed. The title is admittedly in the parties, so that this may yet be done. By following this course, the equities of all can be fully adjusted, and the matters and things in controversy finally adjudicated. The pleadings are unnecessarily lengthy, and this prolixity has served to obscure the controversy, rather than elucidate the issues. The parties should be allowed to amend the pleadings as they may be advised.

The judgment of the district court will be reversed, and the cause remanded for further proceedings, in accordance with this opinion.

*Reversed.*