Gunter, J.
The complaint is on this note, “ * * * Qn or about February 23, 1892, we promise to pay to C. L. Ferguson or order, one hundred dollars ($100.00). *313 King & Wallace,” and alleges its execution by defendant firm; its endorsement by payee to B. M. Mecklenburg, and by him to plaintiff.
1. Tbe first ground of defense alleges that when the note was made, payee therein was indebted to defendant in the amount of $118.05; that this sum was secured by guarantee of a coal company; that payee represented that said company was indebted- to him in the sum of $100.00 above said $118.05; that in order to aid B. M. Mecklenburg in collecting an account due him from said payee the note was executed on payee giving an order to defendant on said coal company for $100.00; that said note was given by H. S. Wallace, a member of defendant firm, without the knowledge or consent of either of the other members thereof; that the giving of the note was without the scope of the partnership business of defendant, and that its giving was in no way connected with its business, that at no time since the execution of the note has either of the other members of the firm assented thereto or agreed to pay it. Further, that B. M. Mecklenburg and the plaintiff had knowledge at all times of all the foregoing facts. According to these averments a member of defendant firm executed the note in question without the express or implied authority of his copartners for a purpose outside of the partnership business, and such facts were known to payee, B. M. Mecklenburg, and plaintiff prior to the endorsement to them of such note. Further, the making of the note has at no time been ratified.
The gist of these allegations is that defendant firm never made the note sued on.—Hoosac Mining & Milling Co. v. Donat, 10 Colo. 529, 16 Pac. 157. If so, then it is not liable thereon, and the answer states a defense thereto. The general demurrer of plaintiff *314 to this defense the court below sustained. In this it erred.
2. The substance of the allegations of the second ground of defense is that the execution of the note sued on was procured by the' payee therein through fraud. As stated above, the note involved was endorsed by the payee therein to B. M. Mecklenburg, by him to the plaintiff. The law presumes this endorsement made before maturity of the note. — Daniel on Negotiable Instruments, vol. 1, 4th ed., § 784.
The law also presumes that such endorsee acquired the note in good faith for full value in the usual course of business and without notice of any circumstance impeaching its validity. — Daniel on Negotiable Instruments, vol. 1, 4th ed., § 812.
The alleged fraud of the payee in procuring the note would not constitute a defense to a suit thereon by B. M. Mecklenburg in absence of averments in the answer overcoming these presumptions. — Daniel on Negotiable Instruments, vol. 1, 4th ed., § 769a; Bliss on Code Pleading, 3d ed., § 175, p. 289.
■Such averments are absent from this second ground of defense. So far as we are advised by this ground of defense, B. M. Mecklenburg took .this note before maturity in the ordinary course of business for a valuable consideration without notice of any facts which invalidated it in the hands of the payee. As under the averments, of this defense, fraud was .not a defense to the note in the hands of B. M. Mecklenburg, it was not a defense in the hands of his endorsee, the plaintiff who took as good title to the note as had his endorser Mecklenburg. — Daniels on Negotiable. instruments,, vol. 1, 4th ed., § 782.
Further, as plaintiff, appellee here, was, according to the averments of the complaint, the endorsee and owner of the note the same presumptions attended his ownership as attached to the note in the *315 hands of the endorser, B. M. Mecklenburg. As these presumptions, were not overcome by any averments in the answer, plaintiff ’s title to the note is good as against the defense, of fraud, even though such . title is unaided by the unimpeachable one of his endorser, B. M. Mecklenburg. — Authorities' above cited.
The court correctly sustained the general demurrer to this cause of defense.
3. On sustaining the demurrer to the second defense, “defendant asked leave to plead further.” This was denied. We have before us that defendant had twice amended its answer, and the ruling of the court denying leave to plead further. Upon this we are asked to declare that the court erred in denyirig leave to defendant to plead further.
Mills’ Ann. Code, sec. 73, provides that after demurrer and before the trial of the issue of law therein the pleading demurred to may be amended once, as of course. This right the defendant had exercised when the leave to further amend was ■ denied. The right to amend further was discretionary with the court. — Mills’Ann. Code, sec. 75. . ■ ,
“Unless it clearly appears that such discretion is abused, a court of review will not interfere.”— Anthony v. Slayden et al., 27 Colo. 144, 60 Pac. 826.
The presumption is that the ruling of the trial ■court was correct. Nothing is in the record to overcome this presumption as to the ruling complained of. We cannot, therefore, say that the trial court erred in •denying the -application of defendant for leave to .plead further.
Judgment reversed for error in sustaining demurrer to first cause of defense.

Reversed.