Bell, J.
The complaint avers, among other things, that on August 10th, 1906, the plaintiff and defendants associated themselves for the purpose of buying, selling, feeding and disposing of cattle, each of the parties sharing equally in the expenses and profits; that in pursuance of this agreement $29,056.02 worth of cattle were purchased; that the plaintiff contributed from his own funds, for said purchase, $2,125.07 and that the balance of said purchase price was paid from the proceeds of certain joint notes executed by each and all of the parties to this action; that the expense of feeding,-handling and disposing of said cattle was $11,920.83, all of which was paid in cash by the plaintiff, and that both of the above specified sums were paid from his own private resources; that said cattle were sold for $48,683.28, resulting in a net profit of $7,706.43; and that all the returns that plaintiff has received from said firm or the defendants is $5,315.80; that there is owing to the plaintiff from the defendants the sum of $11,298.91 which they have refused and neglected to pay, though often requested so to do.
The plaintiff demands judgment for $11,298.91 or such other sum as the court may find on final accounting to be due from the defendants, and prays that the defendants be required to answer, under oath, setting forth any other, further or different accounts, which they may have relating to the said business, for interest, cost and general relief.
The defendants .demurred to the complaint because, they allege, it did not state facts sufficient to constitute a cause of action, and because ambiguous, unintelligible and uncertain, stating divers alleged ambiguities, etc.
*60 The court overruled the demurrer and the defendants .filed a joint answer and cross-complaint denying most of the allegations in the complaint; and alleged that on August 1st, 1907, all the parties hereto met and settled all of their unfinished partnership business, except 26 head of unsold cattle, and then and there stated all of their accounts up to August 1st, 1907,- excluding said 26 head of unsold cattle, and then and there found that the defendants owed the plaintiff the sum of $1,175.50, which they then and there paid in full settlement, relinquishment, accord, satisfaction and discharge of any and all claims owned, held or asserted by the plaintiff against defendants, or against said association; and that the plaintiff then and there executed and delivered to defendants his said relinquishment or release in writing therefor. And that thereafter, on or about the 1st day of September, 1907, the plaintiff and defendants entered into a subsequent settlement of the affairs of said association, including said 26 head of unsold cattle, fixtures and appliances upon their feeding lots; and then and there mutually stated, between themselves, an account of all matters accruing subsequent to the date of the earlier settlement, and, as a result of said mutual statements 'of accounts of said association, and of the mutual accounts of the members thereof, and after deducting all credits due to the said plaintiff, it was then and there ascertained and agreed that there was due from the plaintiff to defendants the sum of $236.00, which the plaintiff then and there agreed to pay, but failed so to do and the defendants pray judgment, against the plaintiff, in the cross-complaint for the sum of $236.00.
The plaintiff filed a replication denying all accounts stated, final settlements in part or whole, all acquittances, whether in writing or verbal, and other new matter in the answer and cross-complaint; and alleges that if de *61 fendants have any such release or discharge in writing purporting to be a settlement, that the same has been obtained fraudulently, is without consideration, and is not the act of the plaintiff.
The parties, by consent, joined the court in the appointment of Winton M. Ault, Esq., an attorney of the Larimer County bar, as referee to take the testimony, make findings of fact and conclusions of law, and recommend to the court a proper judgment.
The referee took the evidence in full on all material issues raised by the pleadings, and reported specific findings of fact and conclusions of law, and recommended a judgment in favor of the plaintiff and against the defendants for the sum of $1,642.16. The court approved the findings and rendered judgment thereon for the amount recommended by the referee, from which findings and judgment the defendants appealed.
The appellants, have materially limited the scope of our consideration in reviewing this record by abandoning many of their former positions.
At folios 68-69 the abstract reads as follows:
“Demurrer filed in district court, Larimer County, April 7th, 1908.
“ (Note- — As demurrer is not urged it is not set forth in the abstract.) ”
As we understand, the appellants’ failure to present an abstract of the record of the proceedings on the demurrer and their express waiver set forth in the abstract, deprive the appellants of the right to a hearing on the demurrer in this court, for ambiguity, uncertainty, etc.— Roberts et al. v. Handasyde, 21 Colo. App., 450, 122 Pac., 60.
Appellants’ counsel, at page 7 of brief, asserts “the principal points discussed in this brief are that the complaint- fails to state a cause of action, ’ ’ and then proceeds *62 to point ont four alleged material omissions from the complaint, viz.: That the complaint fails to state whether an accounting had been taken or attempted before suit brought; that there were no charges of fraud in any of the prior dealings of the parties, nor does complaint seek to invalidate any act by reason of fraud; that' complaint does not show whether a dissolution had taken place; or whether there was any firm indebtedness.
If we should feel disposed to consider the demurrer or the sufficiency of the complaint, notwithstanding the waivers above set forth, then we should feel compelled to hold that the allegations in the answer and cross-complaint supplied the material omissions in the complaint. —Thalheimer v. Crow et al., 13 Colo., 397, 400, 22 Pac., 779; Barth v. Deuel, 11 Colo., 494, 19 Pac., 471; Horner v. Bramwell, 23 Colo., 238, 243, 47 Pac., 462; McConathy v. Deck, 34 Colo., 232, 82 Pac., 702.
Counsel for appellants states, at page 7 of brief, that:
“Appellants will not in this court discuss the amount of the award or judgment, or the method adopted by the referee in reaching it. Insofar as the judgment is itself concerned, only such errors will be relied on as would, in the judgment of the appellants, vitiate, any judgment at all whatever its amount.”
After disposing of the sufficiency of the complaint, appellants claim that there were complete accountings and settlement of the firm business alleged in the answer and established by the overwhelming weight of the evidence; and that “the further findings and determination, in effect at least, that the settlement was tainted with fraud is supported by neither pleadings nor proof — that a solemn settlement, evidenced in writing, signed by the parties affected, cannot be attacked or invalidated with *63 out proper pleadings, and by proof of a character that arises above mere conjecture and inference.”
We understand that the trial court did not question the efficiency of the pleadings setting up the stated accounts, acquittances, accord and satisfaction, or releases; but the referee finds in Number 24 “that there was never had, by and between the parties to this action, any mutual settlement of accounts of this co-partnership.” The referee further states, in the latter part of Number 24, regarding exhibits D, E and F, which purport to be written acknowledgments of plaintiff of settlements as charged in the answer: “I examined the instruments and am convinced that the signatures are those of the plaintiff, and I therefore consider them as competent evidence. I do not, however, consider them as conclusive evidence of a settlement between the parties. After carefully weighing the evidence, I have come to the conclusion that there was no mutual settlement between the parties' hereto for a number of reasons, a few of which are as follows: That the plaintiff is 79 years old, uneducated and incapable of entering into a settlement of accounts of the magnitude of this enterprise. Again, a large part of the papers such as the notes, expense drafts drawn by the defendants, vouchers, etc., were not present at the alleged settlement. About all the papers present were the checks and some papers of the plaintiff and a few sale bills and a statement from the McKee books written in Hebrew, furnished by the defendants. Having seen the plaintiff on the stand, I do not believe he understood the nature, of the instruments he signed. ’ ’
The record strongly supports the conclusions of the referee, and we must be governed by his findings.-Johnson v. Johnson, 18 Colo. App., 493, 72 Pac., 604; Perdew v. Creditors, etc., 11 Colo. App., 157-159, 52 Pac., 747; United Water Works Co. v. Farmers Loan & Trust Co., *64 11 Colo. App., 225, 230, 53 Pac., 511; X. Y. Irrigating Ditch Co. v. Buffalo Creek Irrigating Co., 9 Colo. App., 438-441, 49 Pac., 264; L. P. C. M. Co. v. L. C. C. M. Co., 11 Colo., 223, 225-9, 17 Pac., 760, 7 Am. St. Rep., 226.
The general requirements of an account stated are first, that there be a mutual examination .of the claims of each other by the parties; second, that there be a mutual agreement between them as to the correctness of the allowance and disallowance of the respective claims, and of the balance as it is struck. If the evidence shows, however, that either of the parties did not understand that there had been a final adjustment of their respective demands between them, the courts are not to decree an adjustment between them contrary to their own understanding in the matter.—Clark v. Marbourg, 33 Kan., 471, 6 Pac., 548-551; Lockwood v. Thorn, 18 N. Y., 285.
This court, in C. F. & I. Co. v. Chappell, 12 Colo. App., 385-392, 55 Pac., 606, 609, said:
“Ve think counsel attach undue solemnity to accounts stated. It is only prima facie evidence of its own correctness, and while a party may, if he finds it oppressive, institute an original proceeding in equity to be relieved from it, yet, when it is interposed as a defense to an action either at law or in equity, it may be disputed and overthrown in the same suit. Whenever it is thrust forward, in whatever form of action it is pleaded, it may be impeached.”
The settlements were set up as new matter in the second, third and fourth further defenses of the appellants, and denied in replication of appellee. This court agrees with the referee and trial court that no mutual settlement of the accounts of the partnership transactions was proven.
The referee expressed himself as impressed with the idea that the appellee was entitled to even more credits than he gave him; but says that the appellee could not *65 positively distinguish his partnership checks from his private checks, and therefore some of the checks which he believed were partnership checks, or given for partnership purposes, were excluded, and that a credit of $4,000.00 was given to the appellants for which -they could not account other than by their own statements that this amount was expended for the co-partnership.
Under the report and findings of the referee, judgment of the court and the record before us, we cannot say that substantial justice has been done to the appellee; but, as he did not file cross-errors, we cannot increase the judgment.
We do not find that any injustice has been done to the appellants, and therefore the judgment'should be and is hereby affirmed.