## No. 8806.

### HUSTON *v.* OHIO AND COLORADO SMELTING & REFINING COMPANY.

1. ASSIGNMENTS—*Incidents of*—*Cause of Action.* A right of action growing out of fraud does not, as a general rule, pass with an assignment of the thing to which the right relates.*

2. OF CORPORATE STOCK. A sale of stock does not transfer the right of action for damages caused by false representations made to the vendor by the party from whom the vendor purchased.*

3. FRAUD—*When Actionable*—*Manner of Acting in Reliance on Misrepresentations.* To make fraud actionable it is necessary that the misrepresentations should have been made in relation to the transaction in question, and that the plaintiff acted in reliance on the statement in the manner contemplated or manifestly probable and thereby suffered damage.

4. False representations are made to A. and B. by C. to get each to purchase stock. Afterwards A., as legatee of B., relying on said misrepresentations, elects to take B.'s stock in lieu of a cash bequest. The stock turns out to be worthless. *Held*, A. has no cause of action against C.*

---

*Syllabus by Allen J.

*Error to Denver District Court, Hon. Charles C. Butler,*
*Judge.*

Mr. JOHN T. BOTTOM and Mr. FREDERICK P. SMITH, for plaintiff in error.

Messrs. YEAMAN & GOVE and Mr. KENAZ HUFFMAN, for defendant in error.

Mr. Justice Allen delivered the opinion of the court:

CHARLES C. Huston, plaintiff below, sought to recover of the defendant company money which had been paid by one Martha D. Huston, during her lifetime, to the defendant for shares of its capital stock. A demurrer to the amended complaint was sustained by the trial court, and this is the principal alleged error to be considered.

The amended complaint alleged, among other things, in substance the following: That Martha D. Huston purchased the shares from defendant, at times prior to June 13, 1903, and was induced to purchase same by means of certain misrepresentations of the defendant and its agents, communicated to the plaintiff, who, relying upon and believing defendant's representations to be true, communicated them to his wife, the said Martha D. Huston. That Martha D. Huston died domiciled in the state of Ohio in January, 1904, disposing of all of her property by will, and bequeathing much of the same to the plaintiff, her husband. That the plaintiff, in lieu of ten thousand dollars in cash bequeathed to him, elected to receive, and did receive the said stock of the defendant company, while still, and because, relying upon the said false representations of the defendant. "That under and by virtue of an assignment of the certificates of shares held by Martha D. Huston, deceased, made to him by Henry L. Rich, as executor of the last will and testament of Martha D. Huston, deceased, the plaintiff succeeded to any and every right or authority, in law or equity, to recover from defendant company * * * any damages that might have resulted because of any fraud or deceit in and about the sale of said shares of stock to Martha D. Huston."

The most important question raised by the demurrer is, Was the cause of action, if any, possessed by Martha D. Huston against the defendant assigned to the plaintiff?

The amended complaint also alleges that the fraud, deceit, and misrepresentations of the defendant was not known to, or discovered by the plaintiff, at any time prior to the year 1911, which was about seven years after the death of the said Martha D. Huston. Neither the plaintiff nor the executor, therefore, at the time the stock was assigned to the plaintiff by the executor, knew of any cause of action existing or having accrued against the defendant.

Under these circumstances, unless it otherwise appears from the assignment, it is reasonable to conclude that the assignor did not intend to transfer to the assignee, any cause of action against the company as incident to the assignment of the stock. From the allegations of the complaint, apart from mere conclusions, it does not appear that anything more was expressly assigned than the stock itself. As to what passes with an assignment, the following is stated in *Corpus Juris*.

"The cardinal rule to be applied is to ascertain the intention of the parties as to what interests, rights, or property they intended to pass under the assignment, and to carry out such intention as nearly as may be done without violence to the language used by them." 5 C. J. 949.

From the allegations of the complaint it appears that the plaintiff merely received an assignment of the stock. No more can pass with an assignment of stock under the circumstances of this case than that passing with the sale of stock under ordinary circumstances.

"A sale of stock does not transfer a right of action for damages caused by false representations made to the vendor by the party from whom the vendor purchased." 1 Cook on Corp. (6th ed.), sec. 355.

In the case of *Kennedy v. Benson*, 54 Fed. 830, a receiver sold property of a cattle company to defendants, and took in payment certain shares of stock. He kept the stock and settled with the company for cash. Afterwards he individually brought suit against the defendants for damages

for fraudulent representations made at the time of the sale as to the value of the stock.   The court held that the defendants transferred the stock to the cattle company, and the right of action, if any existed, belonged to the cattle company, and further stated:

"The right to an action for the recovery of damages having thus vested in that company it would not pass to any third person, to whom the company might sell or assign the stocks in question, as a mere incident thereto."

It can be said of the complaint in the instant case as was said of the complaint in that case, that

"There are no facts averred which show a transfer or assignment of the right to claim damages from the defendants by reason of the alleged false statements in regard to the value of the stock."

The right of action growing out of fraud is usually a personal right to the extent that it does not pass with an assignment of the thing to which the right relates.   *Worsham v. Brown,* 4 Ga. 284; *Mullinax v. Lowry,* 140 Mo. App. 42, 124 S. W. 572; *Steele v. Brazier,* 139 Mo. App. 319, 123 S. W. 477; *Fox v. Hirschfeld,* 157 App. Div. 364, 142 N. Y. Supp. 261; 5 Corpus Juris, 952, note 22 (e).

In accord with the foregoing rule is the case of *Norris v. Colo. Turkey Honestone Co.,* 22 Colo. 162, 43 Pac. 1024.

The demurrer was properly sustained upon the ground that it does not appear that there was any assignment of the cause of action to the plaintiff.   It is not necessary, therefore, to pass upon the question of the assignability of the cause of action, either under the laws of Ohio or of Colorado.

The plaintiff also attempts to state a cause of action, independent of that which might have accrued to Martha D. Huston or her legal representatives, upon the ground that he elected to take the stock in lieu of the cash bequeathed to him under the will, because he believed in the alleged false representations of the defendant.   But these alleged false representations were made, if at all, long prior to the time plaintiff made his election, and were made, as he says, to induce him and his wife to purchase addi-

tional shares. They were not made with the purpose or intention of influencing plaintiff to accept an assignment of the shares in the manner pleaded, and plaintiff cannot base an independent cause of action upon such alleged misrepresentations.

In *Adams v. Schiffer,* 11 Colo. 15, 17 Pac. 21, 7 Am. St. 202, and *Wheeler v. Dunn,* 13 Colo. 428, 437, 22 Pac. 827, this court, quoting from *Kerr on Fraud and Mistake,* thus states the rule:

"A misrepresentation goes for nothing unless it is a proximate and immediate cause of the transaction. It is not enough that it may have remotely or indirectly contributed to the transaction, or may have supplied a motive to the other party to enter into it. The representation must be the very ground on which the transaction has taken place."

We think our conclusion is also borne out by 2 *Cooley on Torts* (3rd ed.) 940.

It appears from the record that the parties below stipulated that the motion to strike interposed to the first complaint should be treated as a demurrer. Thereupon the court sustained the demurrer, and plaintiff by leave of court filed an amended complaint. This was further amended by filing a supplemental complaint. Plaintiff having twice exercised the privilege of amending, and apparently pleading fully the facts relied on, there was no error or abuse of the court's discretion in refusing plaintiff the right to amend further. The right to amend further was discretionary with the court. *King v. Mecklenburg,* 17 Colo. App. 312, 315, 68 Pac. 984. Unless it appears that such discretion is abused, a court of review will not interfere. *Anthony v. Slayden,* 27 Colo. 144, 60 Pac. 826.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice White and Mr. Justice Bailey concur.

Decided April 2, A. D. 1917. Rehearing denied June 4, A. D. 1917.