No. 12,117.

WATERS, ET AL. v. MASSEY-HARRIS HARVESTER COMPANY.

Decided May 27, 1929.

Messrs. THOMPSON & GRUTTER, Mr. T. E. MUNSON, for plaintiffs in error.

Mr. M. M. BULKELEY, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE Harvester Company, a judgment creditor of Albert L. Waters, sued him and his wife to reform a deed executed by the latter to her husband, by showing the real estate intended to be conveyed, instead of that described in the deed, which description arose through a mutual mistake of the parties thereto. A demurrer to the complaint for want of facts was overruled. The

defendants elected to stand upon their demurrer and judgment was rendered against them and the deed reformed as prayed for in the complaint. This writ is prosecuted to review the ruling on demurrer and judgment of the lower court.

The plaintiffs in error urge that the demurrer should have been sustained because the deed is a voluntary conveyance and without consideration; that a court of equity will not reform such a deed as against the grantor and that, in any event, the Harvester Company, not being a party to the deed or a privy thereunder, cannot maintain this suit. The defendant in error opposes these contentions.

In determining this question, it is only necessary to consider one point. Under the allegations in the complaint, can the Harvester Company, a judgment debtor, maintain this action? Our answer is in the negative.

As to who may sue to reform a deed on the ground of mutual mistake, the general rule is laid down in 23 R. C. L., page 338, section 31, as follows: "Either party to a written contract may have a mutual mistake corrected. * * * And if a mistake of description occurs in a series of conveyances under circumstances that would entitle any one of the vendees to a reformation as against his immediate vendor, the equity will work back through all and give the last vendee a right of reformation against the original vendor. * * * Courts will not interpose in behalf of persons who are neither parties to the instrument nor claiming any privity."

34 Cyc. 950, 951: "A. * * * To entitle a person to reformation it should appear that he is a party or privy to the transaction in question and has a substantial interest therein; a less standing does not warrant the remedy. * * * A grantee under a voluntary deed, however, never has standing to reform in a court of equity for, never having paid a consideration, he is deprived of nothing, if mistake does exist.

"D. * * * A vendee is subrogated to all the rights

of his vendor in property, even though they are not expressly conveyed, and may have mistakes in deeds of conveyance corrected. When the mistake occurs in a series of conveyances, the last vendee may have the deeds corrected.''

In Colorado, the rule is more restricted than above set forth. Under our decisions, a grantee of a grantee in a deed containing a misdescription caused by mutual mistake cannot maintain an action to reform the same merely because he is a grantee. Mr. Justice Campbell expresses the reason therefor in the case of *Norris v. Colorado Turkey Honestone Co.*, 22 Colo. 162, 166, 43 Pac. 1024: ''A grantee's cause of action against his grantor for such misrepresentation as was made by the appellant in this case is a personal one, and does not pass to any subsequent purchaser from the grantee. Ordinarily, a mere right of action which has become vested in his grantor, such as an action for deficiency in the quantity of the land, or (as in this case) an action for conveying, as the result of a mutual mistake, land other than that which it was the intention of both parties should be conveyed, and which entitles the vendor to an action against the original owner for such deficiency, or such mistake, will not extend to the purchaser whose deed merely describes the same land as conveyed to his original grantor.''

The doctrine therein is approved in *Huston v. Ohio & Colorado Smelting Co.*, 63 Colo. 152, 155, 165 Pac. 251.

Under the Norris case, supra, if a grantee of Albert L. Waters could not maintain an action to reform said deed, it is obvious that a mere judgment creditor, neither a party thereto nor a privy thereunder, cannot maintain such an action. This being true, the demurrer should have been sustained. So holding, it is unnecessary to discuss other points raised in the briefs.

Judgment is reversed with directions to vacate the judgment entered and to dismiss the action.

Mr. Justice Adams sitting for Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.