## No. 12,941.

### HEINI ET AL. v. BANK OF KREMMLING.
(25 P. [2d] 1113)

Decided October 9, 1933.

Messrs. Gooding & Monson, for plaintiffs in error.

Mr. Fred S. Caldwell, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. We hereinafter refer to plaintiffs in error as plaintiffs, to Anton Heini, deceased (of whom plaintiffs are the heirs), as Heini, to defendant in error as the bank, to the Kremmling Cheese and Butter Company as the creamery, and to the two tracts of real estate involved as A and B.

Plaintiffs, claiming to own A, sued the bank for $2,500 for gravel taken therefrom. The bank admitted taking gravel of the value of $200, but alleged that it owned A and that, because of certain alleged facts, plaintiffs were estopped to claim title thereto. It asked that its title be quieted as against plaintiffs, and that a deed to the tract be reformed as to description. The reply denied new matter and pleaded the seven year statute of limitations, title by prescription, and laches. The pleadings consist of a complaint, amended complaint, answer and cross-complaint, replication and answer to cross-complaint, replication to plaintiffs' answer to defendant's cross-complaint, and certain demurrers. We assume these properly present the question hereinafter considered and notice them no further. The cause was tried to the court and judgment entered against plaintiffs on their demand and in favor of the bank reforming the deed and other instruments and quieting the bank's title as prayed. To review that judgment plaintiffs prosecute this writ. A motion to dismiss was heretofore denied with leave to

352

re-present on final hearing. It is thus again before us and perhaps should be granted, but we prefer to dispose of the cause on the main question.

May 6, 1908, Heini owned A and B, adjoining tracts, each containing about two acres. He then sold A to the creamery but, through mutual mistake, B was described in the deed. The creamery took possession of A and built a factory thereon. In October, 1908, the bank, through its president Heini, made a loan to the creamery and took for security a mortgage on A, but again, by mutual mistake, B was described. The creamery defaulted on this loan and the bank, acting through Heini, foreclosed. At the sale the bank bought. Both certificate of purchase, and deed issued thereon May 13, 1919, contained the erroneous description. After the issuance of the sheriff's deed the bank paid taxes on A, described as B, but assessed as ''a two acre tract of land adjoining the town of Kremmling,'' which was true of A, but not of B. Heini died in August, 1919, and the bank first discovered the error in description about April 10, 1928.

On the trial the bank first offered evidence in support of its cross-complaint and rested. Thereupon plaintiffs elected to stand on the case as so made. The evidence is not abstracted and no assignment is based upon it, hence we must assume that it supported all the facts pleaded by the bank and essential to the judgment. Those above recited are undisputed and dispose of the questions of title by prescription, the seven year statute of limitations, and laches. They also demonstrate that plaintiffs have no equities and can prevail only, if at all, on a naked legal title directly inherited from the grantor at fault and protected by a technical rule.

The only assignment requring notice is that the judgment is not supported by ''the record and pleadings.'' The others are mere statements of reasons and arguments thereon. The principal contention of plaintiffs is that the bank was not entitled to reformation because not a party to the deed from Heini to the creamery, and

because the latter's right of action for reformation was personal, requiring assignment, which assignment the bank did not have. In support of their position they rely principally upon *Norris v. Colorado Turkey Honestone Co.*, 22 Colo. 162, 43 Pac. 1024; citing also *Huston v. Ohio & Colo. S. & R. Co.*, 63 Colo. 152, 165 Pac. 251; and *Waters v. Massie-Harris Harvester Co.*, 86 Colo. 98, 278 Pac. 614. These authorities do not support them.

■ The general rule is that—"Where an error of description has been copied in a series of deeds, under circumstances that would entitle each grantee to a reformation as against his vendor, the last grantee will be entitled to a reformation as against the original grantor." 2 Warvelle on Vendors (2d Ed.) §785; 23 R. C. L., p. 338, §31; 53 C. J., p. 976, §116, and p. 977, §119; *Lot v. Dashiell* (Tex.), 233 S. W. 1103. And while it may be conceded, as said by Mr. Justice Moore in the opinion in the Waters case, that this court has placed some restrictions upon the general rule, we have not carried these to the limits here insisted upon. In the Norris case the reformation sought would have resulted in conveying property which the grantee never intended to convey. Here the opposite is true. There A sold to B who sold one-half to C. Then B and C sold one-third to D and the three sold the entire tract to a company which had not been incorporated when these transactions took place. The company sought reformation of A's deed, hence the opinion points out that the company's grantors, at the time they took title, could not have been acting for it. Here the creamery bought from the president of the bank and conveyed to the bank and the bank foreclosed; Heini being either principal, or agent with an interest, in each transfer. Plaintiffs, standing in the shoes of Heini (*Klein v. Munz*, 87 Colo. 223, 286 Pac. 112), now claim the land under a technical rule which would afford him no protection were he in their stead. The Huston case involved a sale of corporate stock and the Waters case a voluntary deed from a wife to her husband. In

'each of them the action was by a grantee of a grantee having no privity with, or relation to, the original grantor. We think the general rule, as modified by the Norris case, should not be further restricted, and certainly ought not be so applied as to throw the mantle of its protection over the wholly unjust claim of these plaintiffs.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.