ITALIAN-AMERICAN BUILDING AND LOAN ASSOCIATION OF PASSAIC COUNTY, complainant-respondent,

*v.*

CHARLES A. RUSSO et al., defendants-appellants.

[Argued May 25th, 1942. Decided September 18th, 1942.]

*Mr. Theodore D. Rosenberg* and *Mr. Sam Mendelsohn,* for the defendants-appellants.

*Mr. Henry Marelli,* for the complainant-respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the Court of Chancery in a suit for strict foreclosure and for various other forms of relief with respect to certain real property.

From the testimony certain uncontroverted facts appear. It appears that one Urbano Zazzella owned two certain tracts of land in Paterson, one facing on the southerly side of Oliver Street, and known as No. 132 Oliver Street, and the other facing on the westerly side of Jersey Street, and known as 64 Jersey Street. The backs of these lots were contiguous. Both lots were about twenty-five feet in width. The Oliver Street lot was fifty feet in depth and the Jersey Street lot was 100 feet in depth, according to the descriptions in the deeds by which Zazzella acquired them. The Jersey Street lot extended precisely across the rear of the Oliver Street lot, and he had for years devoted the rear twenty-five feet of the Jersey Street lot to the uses and purposes of the Oliver Street property, so that, for practical purposes, there were really two seventy-five feet deep lots. The Oliver Street property consisted of an apartment house and the building thereon was extended over into the twenty-five feet square in question in the rear of the two lots. In addition, Zazzella had constructed a concrete wall along the easterly line of the twenty-five feet square, thus separating it from the balance of the Jersey street lot, and had continued the concrete wall along the southerly line of the twenty-five feet square, as well as along the westerly line of the plot. The only opening in this wall was an iron gate on the easterly side, communicating with the Jersey Street lot.

In 1928, Urbano Zazzella and his wife executed a mortgage to the complainant in the sum of $4,000 covering two tracts of land, the first of which was the Oliver Street property by the description by which he acquired it, and the second of which was the rear twenty-five feet of the Jersey Street lot which was being used with the Oliver Street lot.

The Zazzellas had five daughters and three sons. Zazzella, Sr., died in 1932, and by his will devised the Oliver Street property to his son Luigi, the Jersey Street property to his

five daughters, and other property not here involved to his other two sons. The devises were by reference to street numbers only of the several properties, there being no detailed description of the lots devised. The devises to the children were subject to a life estate in the widow.

. In 1934, the complainant's mortgage being in default, an attempt was made at refinancing. The $4,000 mortgage was canceled of record. Luigi Zazzella and his wife, and Urbano's widow executed a new mortgage in the sum of $3,400. Two tracts were covered, the Oliver Street property by the description by which it was acquired by the father, Urbano, and another tract. Obviously, what was intended was that the second tract described in the prior mortgage should be included, but due to an error in laying the east and west courses in the description that tract was not included, but a twenty-five feet square tract immediately west and to the rear of the tract described in the prior mortgage was described in this mortgage. None of the Zazzellas ever had title to this tract, and the uncontradicted testimony was that the tract was erroneously described and that the purpose was to include the second tract described in the mortgage first executed.

Of course, the persons who executed the subsequent mortgage, except the widow, had no interest in the second tract, as described in the prior mortgage, unless it be held that the will passed the properties in the form in which they had been used by the testator rather than according to the descriptions by which he acquired them, because that second tract originally came to the father as a part of the Jersey Street lot which he devised to his five daughters.

In May, 1937, the widow, four of the daughters and the husbands of the married daughters, executed a deed to the Jersey Street lot, by the description by which the father had acquired it, to the fifth daughter and her husband, who are the appellants here. As stated, that description included the rear twenty-five feet square plot, intended to be included in the last mortgage executed, but erroneously described therein.

In August, 1937, complainant filed a bill to foreclose its mortgage making the widow, Luigi Zazzella, the son, and his

wife, and the appellants here parties defendants. That fore-closure was uncontested and went to sale and complainant took a sheriff's deed. The description in the sheriff's deed followed the mortgage and contained the erroneous description of the so-called second tract. That deed was dated December 1st, 1937. The present bill was filed in August, 1939, and alleged that ever since the sheriff's sale the complainant had been exercising ownership over the twenty-five feet square tract in question.

The bill prayed for a correction of the description in the mortgage with respect to the easterly and westerly courses; that it be decreed that the twenty-five feet square tract passed to Luigi by his father's will as part of 132 Oliver Street; that the second of complainant's mortgages be deemed a continuation of the first one, so far as property covered is concerned; and that there be strict foreclosure against all the defendants, except Luigi and his wife, who were parties to the foreclosure and were cut off by the decrees therein. The widow and all of the Zazzella children, and the spouses of the married ones were made parties.

The appellants, Charles Russo and Inez, his wife, one of the Zazzella daughters, who now have title to the Jersey Street property, alone contested the matter. The decree directs correction of the description of the mortgage and of the sheriff's deed, and adjudges that appellants have no interest in the twenty-five feet square tract.

The proofs in this case leave no room for doubt that the plot in question was intended by the testator and original grantee, Urbano Zazzella, to be a part of the 132 Oliver Street property. He constructed the building in accordance with the law and ordinance requirements of the municipality, which required the use of the rear twenty-five feet originally part of the Jersey Street lot. It was carried on the municipal records as part of the Oliver Street property and by the building of the concrete wall was definitely separated from the Jersey Street property and actually became part of the Oliver Street property. These structural changes were all made by the testator. Public officials having to do with the

several departments dealing with the public interests testi-
fied that it was regarded as part of the Oliver Street property.
Urbano Zazzella mortgaged it with the balance of that prop-
erty and there can be no doubt that he regarded it as part
thereof, and by his will devised the property, as then defined
by structures and legal requirements to his son Luigi, subject
to his widow's estate.

In *69 Corp. Jur. 383,* it is stated: "Land may be devised
under a designation by which it is commonly known, and
parol evidence is admissible to show the land comprised under
such designation."

In *Hartfield* v. *The Pennsylvania Company for Insurance,
&c., 89 N. J. Eq. 45,* Vice-Chancellor Leaming said:

"In *15 Am. & Eng. Ency. L. (2d ed.) 771,* it is stated that
in a devise or grant the word 'house' will carry the land upon
which the house is built and the curtilage. The authorities
there cited adequately support the rule as stated. In *10
Ibid. 353,* substantially the same rule is stated as follows:

" 'At common law the term "dwelling house" included not
only the premises actually used as such, but also such out-
buildings as were within the curtilage, or courtyard, surround-
ing the mansion house.'

"In *Derrickson* v. *Edwards, 29 N. J. Law 468, 474,* our
Court of Errors and Appeals, in a mechanics' lien case, has
defined a curtilage as follows: 'A curtilage is a piece of
ground within the common enclosure belonging to a dwelling-
house, and enjoyed with it, for its more convenient occupa-
tion.' In harmony with these views Chancellor Runyon held,
in *Lanning* v. *Sisters of St. Francis, 35 N. J. Eq. 392, 401,*
that the following devise: 'I will my house to * * * No.
160 Rose Street Trenton' was a devise of all of the land of
testatrix adjacent to the house that had been used in con-
nection with the house; and in *Inhabitants of Phillipsburg*
v. *Bruch's Executor, 37 N. J. Eq. 482, 485,* Vice-Chancellor
Van Fleet gave approval of *Bennett* v. *Bittle, 4 Rawle 339,*
and *Rogers* v. *Smith, 4 Pa. St. 93,* to the effect that a devise
of a 'house,' without further descriptive words, is to be
deemed to be synonymous with messuage and to pass all
within the curtilage of the house.

"These principles are conclusive of the present case. The land embraced within the boundaries of the two conveyances to testator was not only used by testator as one tract comprising the land on which the house rested and a lawn surrounding his house, but was also enclosed by him with a fence, and, thus enclosed, was used by him exclusively as a residence property. The lawn thus formed a part of testator's home and must be deemed to have passed by the devise of his house."

To the same effect are *Ackerman* v. *Crouter, 68 N. J. Eq. 49;* affirmed, *69 N. J. Eq. 839; Crosson* v. *Carr, 70 N. J. Law 393; Swetland* v. *Swetland, 100 N. J. Eq. 196, 215.*

We conclude that at the time of the execution of the mortgage in question, legal title was in Luigi Zazzella, subject to his mother's life estate; that there was an error in description which was properly decreed should be corrected; and that the appellants have no interest in the property in question. The only persons who could be heard to object would be Luigi or the widow, they being the only persons having an interest in the property after the death of Urbano. They have not done so. The appellants have no interest. They took nothing by the deed from the daughters, so far as the twenty-five feet square plot is concerned, because Luigi had, as before stated, taken it under his father's will.

Appellants contend that the Court of Chancery was without jurisdiction to entertain the bill. This is not so. The only court open for relief of complainant is the Court of Chancery and, in the exercise of its jurisdiction to afford relief, it may settle all questions that may be necessary to a proper disposition of the matter in controversy. *Ackerman* v. *Crouter, supra.*

The decree under review will be affirmed.

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, Rafferty, Hague, Thompson, JJ. 14.

*For reversal*—None.