## No. 16,640.

## STUBBS *v.* STANDARD LIFE ASSOCIATION.

(242 P. [2d] 819)

Decided March 17, 1952. Rehearing denied April 7, 1952.

Mr. LAWRENCE THULEMEYER, Mr. JOHN R. STEWART, for plaintiff in error.

Mr. HARRY E. MAST, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS is an action for reformation of mortgage and of sheriff's deed issued on foreclosure thereof. J. E. Stubbs and W. R. Stubbs were formerly owners of a tract of farm land consisting of 1006 acres in Crowley County, and made application for, and procured, a loan of $24,000 to be secured by mortagage thereon. The legal description of the property was long and complicated, and in drafting the loan and mortgage documents there was omitted one parcel of the farm property comprising about 290 acres and described as "all that part of Indian Claim No. eight lying West of the East line of Section seventeen (17), Township twenty-two (22) South,

Range fifty-eight (58) West of the 6th P.M." The mortgagee named in the instrument was an official of the corporation making the loan, who took it in behalf of the company and later assigned it to the company. Thereafter the mortgage was sold and assigned to defendant in error, Standard Life Association, which foreclosed and bid the property in at foreclosure sale for the total amount due and received sheriff's deed. Throughout the foreclosure proceedings, and in the sheriff's deed, the property was described as in the mortgage. The foreclosing mortgagee was let into possession of the entire farm, including the parcel omitted from the description, prior to the issuance of the sheriff's deed, and continued in such possession for a period of more than ten years without objection or apparent knowledge by anyone that the entire farm was not included in the mortgage and sheriff's deed. In 1945, some nine years after acquiring sheriff's deed, the mortgagee leased the property for a long term, with option to purchase for the full price of $20,000, upon which it was agreed that there should be credited the rental paid under the lease above taxes and cost of upkeep and interest. Thereafter the mortgagee purchaser had a survey made of the property, whereby the omission was discovered, and this action was begun for reformation of the mortgage deed, the foreclosure proceedings and the sheriff's deed to show inclusion of the omitted parcel. Plaintiff had favorable judgment in the trial court. J. E. Stubbs and W. R. Stubbs are deceased and the defendant here appearing as plaintiff in error is the widow of W. R. Stubbs and the assignee of the other heirs of the mortgagors.

It is urged as ground for reversal that the court could not quiet title in plaintiff corporation to the omitted parcel for the reason that it held no title thereto. This contention has no merit for, while the decree in form follows the old terminology of quieting title, the action was specifically an action for reformation, setting out

properly the basis of the claim and complying sufficiently with Rule 105, Rules of Civil Procedure, as an action to obtain an adjudication of the rights of the parties with respect to real estate.

■ It is contended further that the proof is insufficient to establish that the parcel was omitted by mistake. No testimony was introduced in behalf of defendant. The evidence in behalf of plaintiff disclosed that the application for mortgage recited a farm of 1006 acres, which was the acreage of the entire farm, including the omitted parcel; that said parcel had been owned by mortgagors and farmed with the remainder of the farm continuously as one unit; that the appraiser who approved the loan in behalf of the mortgagee examined the entire farm, including the omitted parcel, accompanied by the mortgagors, and he would not have recommended the mortgage without including the omitted parcel; that since some time prior to the date of the foreclosure, taxes have been paid continuously by plaintiff on the entire farm, and that the name of defendant appears on the tax rolls up to the year of foreclosure, but since that date she has never filed a tax schedule to the omitted parcel or any tax schedule in that county. The proof is ample to support the finding of the trial court that the parcel was omitted by mutual mistake.

■ It is urged that plaintiffs are barred by laches and negligence, but we find no basis in the record for that contention. Laches cannot be predicated on delay alone, and the mere fact that a mistake is made in the mortgage does not show such negligence as to bar recovery, especially where the parties are equally at fault. These same contentions were made and overruled in many of the cases hereinafter cited.

It is contended that plaintiffs are assignees of the mortgage and, as such, lack necessary privity to bring action for reformation. The very fact of assignment by the mortgagee established the interest of the assignee. It is urged that in this jurisdiction right to reformation

is restricted, and *Waters v. Massey-Harris Harvester Co.*, 86 Colo. 98, 278 Pac. 614, is cited as authority for the contention that the right to reformation will not extend to a purchaser whose deed merely describes the same land as conveyed to his original grantor. We think the rule as there declared was more narrow than its application. If not, it was departed from in *Heini v. Bank of Kremmling*, 93 Colo. 350, 25 P. (2d) 1113, and we prefer to follow the broader rule there employed, in harmony with that of virtually all other jurisdictions.

The one serious question with which we are here concerned is the right of reformation of a mortgage, as sought in this case, after foreclosure and issuance of sheriff's deed to the mortgagee. In some cases, such right has been denied, *Trachtenberg v. Glen Alden Coal Co.*, 354 Pa. 521, 47 A. (2d) 820, 172 A.L.R. 647; in others, reformation both of mortgage and subsequent sheriff's deed has been decreed without resale; in others, while the mortgage has been reformed, reformation of the sheriff's deed has been held improper without resale of the mortgaged premises; and in still others, it has been held that the mortgage may properly be reformed in a proceeding therefor and that the requirement of new sale or foreclosure is a matter of judicial discretion. See, Ann. 172 A.L.R. 655.

We find no cases directly in point in this jurisdiction. In *Horner v. Bramwell*, 23 Colo. 238, 47 Pac. 462, where by error there was included in a mortgage eighty acres not belonging to the mortgagor in lieu of eighty acres intended to be included, and on foreclosure the property was sold for less than the amount due and action was subsequently brought to establish a lien upon the parcel omitted by mistake and for foreclosure thereof, it was held by this court that since it appeared that the property could have been sold to better advantage in its entirety, the court should have set aside the sale made under the trust deed, and have reformed the instrument

and directed the trustee to sell under the same as reformed.

In *Heini v. Bank of Kremmling, supra,* the error in description occurred originally in the deed from Heini to the mortgagor and the issue of right of reformation arose between the mortgagee, which held the property under sheriff's deed resulting from foreclosure sale, and the heirs of the mortgagor's grantor. The mortgagor was not made party to the suit. The court decreed reformation of the description in the deed from Heini to the mortgagor, in the mortgage and in the sheriff's deed, and that decree was affirmed by this court. The principal contention on review was the same as one of the contentions here made, to wit: That the bank was not entitled to reformation because it was not a party to the deed from Heini to the mortgagor, and the latter's right of action for reformation was personal, requiring assignment, which assignment the bank did not have. We rejected that contention. The question of requiring resale of the premises by correct description appears not to have been raised, although it was necessarily before the court.

In *Quivey v. Baker,* 37 Calif. 465, 174 Pac. 64, one of the leading cases on the question before us, the court said, "It is said there was no mistake, either in the decree or Sheriff's deed, which followed the description in the mortgage, and could not have done otherwise; and consequently there is no mistake to reform in either of them. As well might it be claimed that if there be a mistake in the first of a series of conveyances, which was carried out through all the subsequent conveyances, that the Court could only correct the mistake in the first deed; and that, in fact, there was no mistake in the subsequent deeds, which were correctly copied from the first, as they were intended to be. But a Court of equity does not administer justice on these narrow principles. It will not only go back to the original error and reform it, but will administer complete justice, by correcting

all subsequent mistakes which grew out of and were superinduced by the first."

■ In such cases no hard and fast rule can be laid down to govern courts of equity. Where it is established by adequate proof that by mutual mistake property has been omitted which was intended to be included in the security of a mortgage deed, and the rights of innocent parties have not intervened, we think justice should be accorded and that the method of effecting that end lies in the discretion of the court. It may be that if the foreclosure sale were very recent and the bids might have been affected by erroneous description, the sale should be set aside and new sale had under foreclosure. It may be that under some circumstances, without setting aside a foreclosure sale, equity would require resale of the premises under direction of the court in the interests of justice. However, in the case before us, the mortgagee took foreclosure decree, after waiting almost seven years from maturity of the mortgage and permitting five years of defaulted interest. It was given possession of the entire farm prior to the date of its sheriff's deed, and held such possession, paid taxes and maintained the property, without protest or objection or knowledge of the defect for sixteen years prior to the bringing of this action. It entered into lease with option to purchase at a price much less than the amount for which the mortgage was foreclosed in 1945, since which time the court may take notice that there has been generally a great increase in the market value of farm lands. The owners of the property who executed the mortgage have long since died. There is no evidence that the bidding at foreclosure was affected by the error in description. The trial court could hardly determine otherwise than that it would be inequitable to require a resale of the premises under the circumstances. It was similarly held in *Waldron v. Letson,* 15 N. J. Eq. 126; *Parker v. Starr,* 21 Nebr. 680, 33 N.W. 424; *Stoneham Five Cents Sav. Bank v. Johnson,* 295 Mass. 390, 3 N.E. (2d) 730; *Foster v.*

*Richey,* 192 Ark. 683, 93 S.W. (2d) 1258; *Gavin v. Johnson,* 131 Conn. 489, 41 A. (2d) 113; *Home Owners' Loan Corp. v. Bank of Arizona,* 54 Ariz. 146, 94 P. (2d) 437; *Quivey v. Baker, supra; Hanlon v. Western Loan & Bldg. Co.,* 46 Calif. App. (2d) 580, 116 P. (2d) 465.

█ Finally, it is urged that this action is barred by our fifteen-year statutes of limitation, sections 122 and 126, chapter 40, '35 C.S.A., providing in substance that no lien upon real estate created by mortgage shall remain a lien for a period longer than fifteen years after maturity of the debt and that no action shall be brought or maintained to foreclose any mortgage unless such action be brought within fifteen years after maturity of the last installment of indebtedness secured thereby. This is not an action to foreclose a mortgage and not one for enforcement of a mortgage lien. The mortgage has already been foreclosed, and this action is one for making that mortgage and that foreclosure say what they were intended to say and result as they were intended to result. The fifteen-year statutes do not constitute a limitation on the right to reformation.

Accordingly, the judgment is affirmed.