Dale R. **DENNETT** and Mavise J. Dennett, Plaintiffs-Appellants,

v.

MT. HARVARD DEVELOPMENT CO., Defendant-Appellee.

No. 78–875.

Colorado Court of Appeals, Division I.

Dec. 13, 1979.

Kenneth A. Baker, Salida, for plaintiffs-appellants.

Feldhamer, Plotz & Eskwith, P. C., Carl Feldhamer, Denver, for defendant-appellee.

SILVERSTEIN, Judge.

Plaintiffs, Dennett, sued to quiet title to a 6.9 acre parcel of land. The trial court denied Dennett's claim and granted defendant's request for reformation. Dennett appeals the trial court's determination that the preceding receipt and option contract did not merge into the deed. We affirm.

The property at issue is part of a large parcel of land located east of U.S. Highway 24 and west of the D&RGW railroad right-of-way, north of Buena Vista, Colorado. In November 1971, H. D. Nettles contacted a real estate broker in Buena Vista concerning the purchase of the property. The broker contacted the owner, Dennett, who indicated a willingness to sell all of the property he owned east of the highway and west of the railroad right-of-way for $50,000. Nettles, who resided in Texas, flew to Buena Vista and walked the property with the broker and Dennett. At that time, none of them had a legal description of the property. Nettles testified that, during the inspection, the broker told him he would be purchasing "all of the land that Mr. Dennett owned east of the highway and up to the railroad tracks." No mention was ever made that Dennett would reserve any portion of the property.

On November 29, 1971, Dennett entered into a receipt and option contract with Nettles which was subject to Dennett's obtaining good title to the property by January 1, 1972. The contract included the following additional provision:

"Seller will furnish buyers with an accurate survey of said property boundary lines and that buyers will be able to accept or reject this contract this time. [sic] Buyers will also be furnished with current regulations pertaining to sewerage, water and roads before closing of sale, this also includes specifications for bridge . . . ."

After the execution of the contract, Dennett hired Wright Engineering to perform a survey of the property to be sold. The survey was prepared by the use of office calculations based upon previous deed descriptions of adjoining lands. Around December 20, 1971, Dennett gave Nettles' attorney the survey. After Nettles' attorney had inspected and approved the survey and prepared a deed based upon the property description in the survey, Dennett and the broker were flown in by John Burt to Longview, Texas, to present the documents to Nettles and to help obtain the financing Nettles needed. Nettles approved the documents under the assumption that the legal description accurately described the property. At the trial, Burt testified that, upon leaving the meeting in Longview, "Mr. Dennett made the statement that they had omitted a little piece of ground up there, and he didn't know how much it amounted to, but some of these days he would check it out, it might not be worth anything, but he could sure have a lot of fun with it."

The property was subsequently conveyed by Dennett to Nettles. Nettles sold the property to third parties approximately nine months later and the third parties transferred the property to Mt. Harvard Development Co. The legal description prepared by Nettles' attorney from Wright's survey was used in all of the subsequent conveyances.

During 1972, Mt. Harvard built an access road across a portion of the property. Dennett personally observed the construction and use of the access road through 1975. In 1975, Dennett ordered a new survey of the property and discovered that 6.9 acres, including the land across which the access road was built, were not included in the legal description of the property sold to Nettles. Dennett also had tax receipts showing that he had paid property taxes on the 6.9 acres between 1972 and 1975.

Dennett subsequently commenced this action to quiet title. Mt. Harvard was the only defendant to answer the complaint. Mt. Harvard alleged a mistake in the survey which resulted in the omission of the property in issue from the deed to defendant's predecessors in title and sought reformation of the deed.

Following a trial to the court, the court ordered reformation of the recorded deeds to include the 6.9 acre parcel in dispute. In the findings of fact, the court stated that based upon the mistake, there was no merger of the deed and the preceding contract.

 Dennett's contention on appeal is that the preceding contract between Dennett and Nettles merged into the deed and defendant is thereby precluded from claiming any land not described in the deed. While Dennett has correctly stated that merger occurs if the terms of the preceding contract for sale are fulfilled by the delivery of the deed, *Westminster v. Skyline Vista Development Co.*, 163 Colo. 394, 431 P.2d 26 (1967); *Glisan v. Smolenske*, 153 Colo. 274, 387 P.2d 260 (1963), this principle is not determinative here.

"The doctrines of 'merger' or 'estoppel by deed' have never prevented the reformation of a deed in which the words of description or of conveyance fail to describe correctly or to convey the land or interest that was agreed upon." 3 *A. Corbin, Contracts* § 604 at 631 (1963). *See Italian-American Building & Loan Ass'n v. Russo*, 132 N.J.Eq. 319, 28 A.2d 196 (1942).

There is sufficient evidence in the record to support the trial court's findings that it was the parties' intention to convey all of Dennett's land lying between the highway and the railroad right-of-way to Nettles and that the mistake of the surveyor caused the omission of the disputed property from the deed, and we are bound by these findings. *Heatherridge Management Co. v. Benson*, 192 Colo. 190, 558 P.2d 435 (1976).

 If the description in the deed does not express the true intent of the parties, reformation is a proper remedy. *Segelke v. Kilmer*, 145 Colo. 538, 360 P.2d 423 (1961). The error warranting reformation must constitute a mutual mistake of fact, *Segelke v. Kilmer, supra,* and scriveners' errors are a form of mutual mistake. *Gullion v. Plymale*, 168 Colo. 245, 450 P.2d 650 (1969); *Alexander Dawson, Inc. v. Sage Creek Canyon Co.*, 37 Colo.App. 339, 546 P.2d 969 (1976).

Thus, here, reformation of the deed was proper. " 'Where an error of description has been copied in a series of deeds, under circumstances that would entitle each grantee to a reformation as against his vendor, the last grantee will be entitled to a reformation as against the original grantor.' " *Heini v. Bank of Kremmling,* 93 Colo. 350, 25 P.2d 1113 (1933). The foregoing rule is applicable where, as here, the rights of innocent parties have not intervened. *Stubbs v. Standard Life Ass'n*, 125 Colo. 278, 242 P.2d 819 (1952).

For the reasons above stated, the judgment is affirmed. *Tschudy v. Amos C. Sudler & Co.*, 158 Colo. 421, 407 P.2d 877 (1965).

Judgment affirmed.

COYTE and KELLY, JJ., concur.