107 N.J. Super. 218 (1969)
258 A.2d 18
LESTER AND LAURA TERHUNE, PETITIONERS-APPELLANTS,
v.
TOWNSHIP OF FRANKLIN, RESPONDENT-MUNICIPALITY, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1969.
Decided October 16, 1969.
*219 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Richard A. Koerner argued the cause for appellants (Messrs. Skillman & Koerner, attorneys).
Mr. Edward K. Zuckerman argued the cause for respondent Township of Franklin (Messrs. Spritzer & Spritzer, attorneys; Mr. Henry M. Spritzer, on the brief).
Mr. Arthur J. Sills, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of respondent Division of Tax Appeals (Mr. Charles A. Landesman, Deputy Attorney General, of counsel).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Petitioners appeal from a final judgment of the Division of Tax Appeals fixing the assessment on their home.
*220 Petitioners own a 141.13-acre farm in Franklin Township, Somerset County. Farming and the sale of produce from the farm are their only occupations. It was stipulated for the purposes of the appeal that all of their land was under cultivation with the exception of an area measuring 115 feet by 125 feet (approximately one-quarter of an acre) on which their farmhouse was located. The property was assessed pursuant to the "Farmland Assessment Act of 1964," N.J.S.A. 54:4-23.1 et seq.; L. 1964, c. 48. The statute provided that in determining the total area of the land to be assessed as farmland, that portion under the farmhouse and "such additional land as may be actually used" in connection therewith were to be excluded. Petitioners' property was located in the Residential-Agricultural Zone of Franklin Township which required a minimum lot size of 50,000 square feet or approximately 1 1/4 acres. In fixing the assessment for the year 1967, 1 1/4 acres was deducted from the total area of the property and assessed with the farmhouse as residential property.
We are here concerned with but one issue, whether the farmhouse curtilage should have been assessed on the basis of its actual size or on the basis of the lot size which would have been required for a residence under the current zoning ordinance. We hold that the former test applies.
The Farmland Assessment Act of 1964 was enacted for the purpose of countering the adverse impact of property taxation upon agriculture. East Orange v. Livingston Tp., 102 N.J. Super. 512, 532 (Law Div. 1968), aff'd 54 N.J. 96 (1969). Prior thereto assessors were required to apply the same standard of value to all taxable real property, regardless of whether or not it was farmland Switz v. Kingsley, 37 N.J. 566, 585 (1962). In order to encourage and preserve the agricultural industry in New Jersey, Art. VIII, § 1, ¶ 1 of the New Jersey Constitution was amended to provide:
(b) The Legislature shall enact laws to provide that the value of land, not less than 5 acres in area, which is determined by the assessing officer of the taxing jurisdiction to be actively devoted to *221 agricultural or horticultural use and to have been so devoted for at least the 2 successive years immediately preceding the tax year in issue, shall, for local purposes, on application of the owner, be that value which such land has for agricultural or horticultural use.
Any such laws shall provide that when land which has been valued in this manner for local tax purposes is applied to a use other than for agriculture or horticulture it shall be subject to additional taxes in an amount equal to the difference, if any, between the taxes paid or payable on the basis of the valuation and the assessment authorized hereunder and the taxes that would have been paid or payable had the land been valued and assessed as otherwise provided in this Constitution, in the current year and in such of the tax years immediately preceding, not in excess of 2 such years in which the land was valued as herein authorized.
Such laws shall also provide for the equalization of assessments of land valued in accordance with the provisions hereof and for the assessment and collection of any additional taxes levied thereupon and shall include such other provisions as shall be necessary to carry out the provisions of this amendment.
The amendment was adopted at the general election held November 5, 1963 and became effective December 5, 1963. It was followed by enactment of the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq.
N.J.S.A. 54:4-23.11 provides as follows:
In determining the total area of land actively devoted to agricultural or horticultural use there shall be included the area of all land under barns, sheds, silos, cribs, greenhouses and like structures, lakes, dams, ponds, streams, irrigation ditches and like facilities, but land under and such additional land as may be actually used in connection with the farmhouse shall be excluded in determining such total area.
The basic legislative intent to be gathered from the statute is that all lands devoted to agricultural or horticultural purposes, as defined therein, are to be subject to assessment at the new, lower standard. Lands actually used in connection with the farmhouse are to be excepted. The amount of land to be included within the exception presents an issue of fact. Here the farmhouse lot of one-quarter of an acre was bounded on the west by a public road, on the south by the property line of the property, and on the east *222 and north by land under cultivation and farm buildings, so that it could not be extended without encroaching upon the land under cultivation. The effect of the assessor's action was to hold an acre of farmland to be taxable at the residential rate in defiance of the direction of the Legislature that it be assessed and taxed at the farmland rate.
The township argues that the foregoing interpretation would derogate from its power and authority to fix minimum sizes of dwellings and dwelling lots under its zoning ordinance. Not so. Notwithstanding the differing standards at which the two portions of petitioner's property were to be assessed under the legislative mandate, the township remained free to exercise the zoning powers vested in it by N.J.S.A. 40:55-30 et seq., and petitioners' lands were not dispensed from compliance with such requirements of the local zoning ordinance as might be applicable thereto. We need not determine what the requirements would have been had petitioners been applying for a subdivision for the farmhouse. See N.J.S.A. 54:4-23.8 which provides for a "roll-back" of taxes when farm property is applied to a use other than agricultural or horticultural.
The interpretation adopted by the Division is not supportable on the basis of its presumed expertise. The issue here is one of law based upon statutory construction. Cf. East Orange v. Livingston Tp., supra, 102 N.J. Super., at 520-521.
Reversed and remanded for further proceedings in accordance with this opinion.