JAMES R. McTAGUE, PLAINTIFF, v. MONROE
TOWNSHIP, DEFENDANT.

Tax Court of New Jersey

October 31, 1980.

*James R. McTague*, pro se.

*William R. Pearson*, for defendant (Herman, Pearson, Crass & Barry, attorneys).

LARIO, J. T. C.

Plaintiff appeals from a judgment of the Gloucester County Board of Taxation denying his application for a tax exemption under *N.J.S.A.* 54:4–3.30.

Plaintiff, a disabled war veteran, purchased 40 acres of land, located in Monroe Township, which has located thereon a dwelling house and one or two sheds. Since the house was set back over 200 feet from the roadway, to meet zoning requirements plaintiff purchased a one acre right–of–way which is contiguous

to his residence. The veteran applied for an exemption under *N.J.S.A.* 54:4–3.30 which grants to certain disabled war veterans a tax exemption upon his "... dwelling house and the lot or curtilage whereon the same is erected ..."

Defendant's tax assessor acknowledged that plaintiff qualified under the Act. He granted plaintiff a tax exemption on his home and one acre of land upon which it was situated, together with the aforesaid one acre of ground purchased for the right–of–way; however, he denied a tax exemption on the balance of the land. The tax assessor suggested to plaintiff that plaintiff farm the balance of his acreage and then file an application for a farmland assessment. Plaintiff followed the assessor's suggestion and thereafter he received farmland assessments on the remaining acreage.

The taxpayer, being dissatisfied with the assessor's original ruling regarding his veteran's exemption, filed this appeal claiming that he is entitled to a full tax exemption on the entire original 40–acre tract plus the additional one–acre right–of–way.

Defendant acknowledges that plaintiff's dwelling house qualifies for a full exemption leaving to be decided what land and the amount thereof is included in the phrase "lot or curtilage" of *N.J.S.A.* 54:4–3.30 *supra*. Although "dwelling house" is defined in the Act,[1] the words "lot or curtilage" are not.

Neither party has cited, nor has the court found, any reported opinion interpreting these words as applied to this section of the statute.

" 'Curtilage' is not a term that can in all cases be precisely defined." *State v. Bonano*, 59 *N.J.* 515, 284 *A.2d* 345 (1971).

---

[1]"Dwelling house" is defined in *N.J.S.A.* 54:4–3.33 as "any one–family building or structure ... owned and occupied by a claimant as his legal residence in this state ... and includes any outhouses or appurtenances belonging thereto.

*Black's Law Dictionary,* 346 (5 ed. 1979) defines "curtilage" as:

> The inclosed space of ground and buildings immediately surrounding a dwelling house. [Citations omitted].
>
> A piece of ground commonly used with the dwelling house. A small piece of land, not necessarily inclosed, around the dwelling house, and generally includes the buildings used for domestic purposes in the conduct of family affairs. A courtyard or the space of ground adjoining the dwelling house necessary and convenient and habitually used for family purposes and the carrying on of domestic employments. A piece of ground within the common inclosure belonging to a dwelling house and enjoyed with it, for its more convenient occupation.

The term "curtilage" does not have a precise dimension. In a case interpreting a mechanics lien statute, it was held: "One of the definitions of curtilage is, *field* next to and belonging to a messuage, a field being as uncertain in its size as to any other portion of land." *Edwards v. Derrickson,* 28 *N.J.L.* 39, 44 (1859).

One way by which this indefinite–sized field can be bounded is by the landowner's use of physical boundaries. In *Hartfield v. Pennsylvania Co. for Insurance,* 89 *N.J.Eq.* 45, 103 *A.* 804 (1918), the land of the testator involved two conveyances, one tract having the house located thereon and the other had the lawn. Both tracts were surrounded by a fence. The court held that both lots were part of the testator's home and passed by will by the words "my house in Beverly." However, there are limitations concerning physical boundaries as was pointed out by our former Court of Errors and Appeals on appeal of *Edwards, supra,* when it further defined curtilage as follows:

> A curtilage is a piece of ground within the common enclosure belonging to a dwelling–house, and enjoyed with it, for its more convenient occupation. But it does not hence follow, if the land–owner . . . has only an outside fence around a farm of one hundred acres, that the whole ground enclosed is . . . a curtilage within the intent of the [mechanic's lien statute]. *Derrickson v. Edwards,* 29 *N.J.L.* 468, 474 (E. & A. 1861)

Curtilage includes land adjacent to and used in connection with a dwelling. "A devise of a house" without further descrip-

tive words, is deemed to be synonymous with messuage and to pass all within the curtilage of the house; therefore, it was a devise of all of the land of the testatrix adjacent to the house that had been used in connection with the house. *Lanning v. Sisters of St. Francis*, 35 *N.J.Eq.* 392, 401 (Ch. 1940); *Italian–American Building and Loan Association of Passaic County v. Russo*, 132 *N.J.Eq.* 319, 323, 28 *A.2d* 196 (E. & A. 1942).

The key to defining the boundaries of a curtilage is the determination of whether the land is needed for the enjoyment of the dwelling house. In *Federal Trust Co. v. Guigues*, 75 *N.J.Eq.* 495, 74 *A.* 652 (1909), also a case involving the application of a mechanics lien on a house and its curtilage, wherein the landowner owned a separate tract of land which had a dock used for his boat, the court held:

> There seems to be no natural and necessary connection between the lot of land on which the mansion–house is erected and the dock lot separated from it by Water street.
>
> It appears that the owner used the dock as a landing place for his yacht, but it had no necessary connection with the use of his dwelling house ... This plot [where his dwelling house is situated] seems to be complete in itself and not to require the dock lot as a necessary adjunct for its enjoyment.

*Terhune v. Franklin Tp.*, 107 *N.J.Super.* 218, 258 *A.2d* 18 (App.Div.1969) involved a farmland tax assessment appeal. In holding that the amount of land to be assigned to the dwelling house, and not includable within the farmland assessment, was the amount of land in actual use attributable to the dwelling house (one–quarter acre) and not the minimum lot size (one and one–quarter acres) required by the local zoning code, our Appellate Division stated:

> We are here concerned with but one issue, whether the farmhouse *curtilage* should have been assessed on the basis of its actual size or on the basis of the lot size which would have been required for a residence under the current zoning ordinance. We hold that the former test applies. Id. at 220, 258 *A.2d* 18 (Emphasis supplied).

"Lot" is also a term that cannot in all cases be precisely defined. The word "lot" was described in *Edwards v. Derrickson, supra,* at page 45 as follows:

> The word lot is, perhaps, still more indefinite [than "curtilage"] in its dimensions. Its proper meaning, when applied to real estate, is a portion of land that has been set off or allotted, whether great or small, but in common use it means simply a piece, parcel or. tract of land, without regard to size.

A "lot" is a portion of plotted territory measured and set apart for individual and private use and occupancy. *Black's Law Dictionary,* 838, *supra.* Again, as with the term "curtilage", the key to determine the boundaries of a lot is the relationship between the area of land and the structure erected thereon.

By reason of their nature, tax–exempt statutes should be given a restrictive interpretation. "The fundamental approach of our statute is that ordinarily all property shall bear its just and equal share of the public burden of taxation . . . Statutes granting exemption from taxation represent a departure and consequently they are most strongly construed against those claiming exemption." *Princeton Univ. Press v. Princeton,* 35 *N.J.* 209, 214, 172 *A.2d* 420 (1961).

The legislative purpose in adopting the statute under review was to reward certain disabled war veterans with a full local property tax exemption on their dwelling homes and the ground upon which the respective dwellings are located. I do not perceive therein an intention by the Legislature to grant to those veterans an unlimited amount of land which is not necessary for the enjoyment of the dwelling.

■ The words "lot or curtilage" as used herein have no substantial difference in meaning. They do not refer to any specific size or boundaries. To be included within the exempt lot or curtilage it must be shown that there is a natural and necessary connection between the dwelling house and the amount of land claimed. Its dimensions must be confined to

that portion of the land which has a reasonable relationship to the dwelling house and which is reasonably required by the disabled veteran for the occupation and full enjoyment of the dwelling.

■ This leads us to the question as to what is the reasonable amount of land so required for a dwelling house occupied by a disabled veteran. The answer is to be determined by the pertinent facts of each individual case. As in all exemption cases, the burden of proof is upon the taxpayer claiming an exemption to establish the amount of land required.

In the instant case the testimony was that the land surrounding the two acres exempted was used as either farmland or was idle, housing some unused heavy equipment. Plaintiff has a physical disability which qualifies him for a full tax exemption; however, he did not contend, exhibit or advance any facts to indicate that by reason of said disability, he requires more than two acres for the reasonable enjoyment of his home.

■ In claiming an exemption on the full acreage plaintiff relied solely upon the fact that he obtained title to his 40 acres by a single deed and that it included his dwelling house. No evidence was introduced to indicate a need for extra acreage in order for plaintiff to fully enjoy and conveniently occupy the dwelling. The plaintiff has failed to meet the burden of proof required of him. On the contrary, from the evidence submitted, I find that the two acres exempted were ample for the veteran's full enjoyment and occupancy of his dwelling and the exemption granted complied with the requirements of *N.J.S.A.* 54:4–3.30.

The judgment of the Gloucester County Board of Taxation is affirmed.