ANDREW, J.T.C.
Plaintiffs, Donald L. and Doris G. White, owners of the property known and designated as Block 2, Lot 41 on the tax map of the Borough of Bernardsville, made an application to the borough assessor seeking to have their property valued, assessed and taxed pursuant to the Farmland Assessment Act of 1964 (the act), N.J.S.A. 54:4-23.6, for the tax year of 1984. The assessor denied the application and assessed the property as follows:
Land $155,600
Improvements 155,200
Total $310,800
Plaintiffs appealed that determination to the Somerset County Board of Taxation. The county board affirmed. Plaintiffs thereafter filed a complaint in this court seeking a reversal of the county board’s decision.
The subject property has been involved in farmland assessment litigation in the Tax Court on a previous occasion. In 1982 the issue presented to the Tax Court was whether at least five acres of the subject property were actively devoted to agricultural or horticultural use for the tax year 1977. Judge Lasser of this court rendered a letter opinion holding that five acres of the subject property were actively devoted to farmland use and therefore should be assessed at its agricultural value. Apparently, there was also litigation concerning the 1982 tax year but this concluded in a stipulation of the parties permitting assessment at the property’s agricultural value.
The taxing district now disputes plaintiffs’ claim to assessment pursuant to the act for the tax year of 1984. It contends *113 that plaintiffs’ property does not qualify for the claimed farmland[1] assessment because plaintiffs do not actively devote a minimum of five acres to agricultural or horticultural use. N.J.S.A. 54:4-23.2, -23.6(b).
At the pretrial conference and again at the outset of the trial the parties stipulated that if plaintiffs were not entitled to assessment pursuant to the act, the original assessment was correct, but if plaintiffs were entitled to farmland assessment the correct assessment would be:
Land $ 56,732
Improvements 155,200
Total $211,932
The parties have narrowed the legal issues involved in this proceeding. There are two. The first is whether plaintiffs actively devoted a minimum of five acres to the requisite use and the second is whether plaintiffs’ use was a permitted or lawful use to enable them to qualify for farmland assessment within the limitations of Clearview Estates, Inc. v. Mountain Lakes, 188 N.J.Super. 99, 105, 456 A.2d 111 (App.Div.1982).
Although not stipulated, there was no dispute by the parties that the area of the subject property was 5.58 acres. The survey plan of the subject property admitted into evidence by consent confirmed this fact. Plaintiff, Doris White, who has a degree in agriculture from the University of Wisconsin, was the sole witness for the taxpayers. Mrs. White stated that she, her husband and her four sons engaged in farmland activities. She indicated that the subject property had been devoted to agricultural use since 1968 which was three years prior to the construction of plaintiffs’ residence in 1971. Mrs. White stated that almost the entire property was and is involved in agriculture and horticulture, even portions of the house, garage and pool. The house is partially used to propagate plants, while the garage is used to store farm records and house and repair farm *114 machinery. The pool is used to provide heat to warm the greenhouse throughout the winter.
Plaintiffs also raise sheep, goats, chickens, turkeys, ducks, geese, peafowl and rabbits on the subject property during various times of the year with the largest animal population occurring in the summer months. Many of these animals are sold by plaintiffs. Although there is a fenced area in the front of plaintiffs’ residence, many of the animals are permitted to walk the entirety of the property and graze at will. Taxpayers also produce vegetables, raspberries, grapes, apples, peaches, plums, cherries, sell eggs, harvest and sell black walnut trees and evergreen trees. Her description of the subject property was a “highly intensified agricultural situation.”
In support of its contention that plaintiffs did not actively devote at least five acres of the 5.58-acre parcel to lawfully permitted farmland use, the taxing district presented its deputy tax assessor and zoning officer. The deputy tax assessor inspected the subject property in the fall of 1983, in October 1984 and again in April 1986. Based on his inspections he concluded that 47,364 square feet or 1.087 acres of the subject property was not actively devoted to farmland use. If this sum were deducted from the total area of the subject property the remaining acreage would be insufficient to meet the minimum five-acre requirement of the act (5.58 acres minus 1.087 acres equals 4.493 acres). The taxing district did not dispute that the remaining 4.493 acres was actively devoted to farmland use. However, since this did not meet the minimum of five acres, plaintiffs were not entitled to assessment at farmland value.
The deputy tax assessor indicated that he had measured a number of particular areas within the subject property that he felt were not used for farmland purposes. These areas were described and delineated on a copy of the survey plan of the subject property. Those areas which he felt did not qualify were as follows:
*115 “EXPLANATION OF NUMBERED SECTIONS OF THE WHITE SURVEY
Dimensions Sq. Ft. Use
1. 130x60 7.800 grassy area—recreational
2. 20x12 240 gazebo—recreational
3. 70x60 4,200 grassy area & pool—part of yard for home
4. 144x66 9,504 2 houses, deck and indoor pool
5. 78x145 11,310 front yard—30' grass buffer between house and animal pen, fenced in area for pet dog, spruce trees and animal pen.
6. 40x60 2.400 animal pen—grassy area with 6x8 animal shelter
7. 60x135 8,100 grassy area with about 8 trees
8. 45x120 5.400 driveway
9. 180x12 2,160 driveway
10. 45x30 1,350 parking area
11. 30x20 600 area used for grass clippings
12. 120x20 2.400 sheds—used for animals & junk
13. 60x30 1.800 garden
14. 80x30 2.400 grassy area
TOTAL 47,364 = 1.087 acre not used for farm operation (does not include #6, 7, 13).”
The zoning officer of the taxing district indicated that he had inspected the subject property on March 21, 1986. He noted that the property is located in an R-l residence district which permits farming and truck gardening but does not allow shelters for the keeping of farm animals closer than 300 feet to any street. He testified that, based on his inspection and consideration of the survey plan, all of the animal sheds or shelters on plaintiffs’ property were within 300 feet of the private roadway, and thus were in violation of the borough’s zoning ordinance.
In this regard, the deputy tax assessor revealed that he had determined that some of the areas which he described as not being devoted to farmland use were so designated because *116 these areas were in violation of the zoning ordinance as indicated by the zoning officer.
The act specifically requires that land, in order to qualify for farmland valuation, must be “actively devoted to agricultural or horticultural use” and must be “not less than five acres” in size. N.J.S.A. 54:4-23.2, -23.6. Superimposed upon these requisites in the act is the requirement that the agricultural or horticultural “use must be lawful, i.e., a permitted use.” Clearview Estates, Inc. v. Mountain Lakes, supra, 188 N.J.Super. at 105, 456 A.2d 111.
In Clearview, the taxpayer’s logging operation was not a use permitted by the taxing district’s zoning ordinance. The court held that the use must be one which is lawfully permitted by the zoning ordinance in order to qualify for farmland assessment.
The borough now contends that the fenced area and sheds for sheltering animals and maintaining animal feed to the front of plaintiff’s residence and the sheds to the rear of the house which also serve as shelter for animals are within a distance of 300 feet of a private road, and thus plaintiffs are in violation of defendant’s zoning ordinance. Consequently, plaintiffs cannot be entitled to farmland assessment within the purview of Clearview Estates, Inc., supra.
The appropriate section of defendant’s zoning ordinance provides in pertinent part as follows:
12-5. R-1 Residence District.
12-5.1 Primary Intended Use.
This zone district is designed for single family residential use but permits:
(d) Farming and truck gardening. No building nor other shelter for the keeping of any farm animal or fowl shall be permitted closer to any street than 300 feet nor closer to any other property line than 100 feet____
Based on the testimony of the taxing district’s witnesses the sheds located on plaintiffs’ property are clearly within 300 feet of the private road which permits ingress and egress to the property. Because of this the parties have directed a good deal of argument to the questions of whether the sheds constitute a *117 “building [or] other shelter” within the meaning of the ordinance and whether plaintiffs’ private road constitutes a “street” within the meaning of the ordinance. I have concluded that it is unnecessary for this court to address these issues. Clearview Estates, Inc., supra, in my view, simply does not apply to this case. The holding in Clearview was that a use which is not permitted under the terms of the zoning ordinance cannot qualify for farmland assessment. Clearview, 188 N.J.Super. at 105, 456 A.2d 111. Farm use here is clearly permitted by the borough’s zoning ordinance. Thus Clearview provides no authority for defendant’s position.
The New Jersey Constitution, Art. VIII, § 1, par. 1(b) and the implementing legislation in the act, N.J.S.A. 54:4-23.1 et seq., require property to be granted the benefit of farmland assessment if the actual use is in accord with the criteria under the constitutional and statutory provisions. Terhune v. Franklin Tp., 107 N.J.Super. 218, 258 A.2d 18 (App.Div.1969); Andover v. Kymer, 140 N.J.Super. 399, 356 A.2d 418, (App.Div.1976); Urban Farms, Inc. v. Wayne Tp., 159 N.J.Super. 61, 386 A.2d 1357 (App.Div.1978); N.J. Turnpike Auth. v. Washington Tp., 137 N.J.Super. 543, 350 A.2d 69 (App.Div.1975), aff’d o.b. 73 N.J. 180, 373 A.2d 652 (1977); Centex Homes, Inc. v. Manalapan, 4 N.J.Tax 599 (Tax Ct.1982), certif. granted 94 N.J. 517, 468 A.2d 175 (1983), remanded to App.Div. 95 N.J. 218, 470 A.2d 433 (1983), app. dism, upon stip. (May 24, 1984).
Here, if plaintiffs’ use is permitted and in accord with applicable requisites, farmland assessment must follow. This does not interfere in any way with defendant’s authority to set minimum zoning requirements as to various building setbacks. If violation of a setback requirement is claimed, the taxing district is free to seek compliance with its zoning ordinance in the appropriate forum. Assessment at farmland value does not interfere or conflict with this process. There is no reason to expand the holding in Clearview Estates, Inc. when the use is clearly permitted. Not every zoning violation, however minor, can be used to deny otherwise appropriate constitutional farmland assessment. See in this regard Terhune v. Franklin Tp., *118 supra, which, appears to be somewhat inconsistent with the Clearview Estates, Inc. holding.
Thus, the issue that remains to be resolved is factual. Do plaintiffs, in fact, actively devote not less than five acres of land to agricultural or horticultural use? As previously indicated, the deputy tax assessor delineated a number of areas which he believed to be devoted to nonfarm uses and subtracted the total of these areas from the total area of the tract which left less than the required five acres.
The first area he described was that of an old grass tennis court which he considered a grassy recreational area, apparently because he saw a basketball hoop and backboard attached to a tree along with some croquette mallets and balls. He did not, however, ever see it used for recreational activity. The size of this area was 130 feet by 60 feet or 7800 square feet. Mrs. White indicated that this area was and is used mainly for growing grass which is harvested and used for animal bedding and silage. She denied that the area was used for recreation. I find her testimony in this regard credible and conclude that this area was actively devoted to farmland use.
The second major area measuring 70 feet by 60 feet or 4200 square feet was described by the deputy tax assessor as a grassy area that was part of the yard for plaintiffs’ residence. Mrs. White stated that this area was used to grow evergreen trees, shrubs and cuttings for the propagation of other trees. She indicated that the maintenance of the grassy area was an integral part of the farming operation because such maintenance comports with good conservation principles for soil preservation. Again, I find plaintiff's testimony to be credible and conclude that this area was actively devoted to farmland use. This is not to say that I do not believe the testimony of the deputy tax assessor, but rather to state that it is a reflection of the fact that he had no educational background or practical experience with agricultural or horticultural matters.
The third major area was that of the residences, deck and indoor pool measuring 144 feet by 66 feet or 9,504 square feet. *119 Although Mrs. White indicated that these areas were also involved in the intensive propagation of plants, these areas were predominantly devoted to residential use and therefore cannot be considered as part of the tract devoted to farmland use. See N.J.S.A. 54:4-23.11, -23.12.
The next area was described as the front yard which measured 78 feet by 145 feet or 11,310 square feet. The deputy assessor had little justification for his determination that this area was not devoted to farmland use. Apparently, he excluded this area because the location of the animal pen or shed was in violation of the borough zoning ordinance, and hence, he concluded it could not be legally devoted to farmland use. I find that this area was actually actively devoted to farmland use. For the reasons previously stated the alleged zoning violation did not make the use illegal, therefore, it should be counted as part of the area devoted to farmland use.
The next three areas excluded by the deputy assessor were two driveways and a parking area which in the aggregate totalled 8,910 square feet (5,400 + 2,160 + 1,350 = 8,910 square feet). Although Mrs. White indicated that these areas were used for farm vehicles such as mowers and tractors, I find that these areas are used in connection primarily with the residences and as such must be excluded in determining the area devoted to farmland use. See N.J.S.A. 54:4-23.11; Terhune v. Franklin Tp., supra, 107 N.J.Super. at 221, 258 A.2d 18.
The next area which was described by the deputy tax assessor as an “old pile of grass” measured 30 feet by 20 feet or 600 square feet. He excluded this area from consideration even though he initially thought the grass clippings might be for the animals. Mrs. White stated that this area was used for grass clippings as a mulch pile with the mulch being used for soil improvement. I find that this area was devoted to farmland use and must be included in the computation of the requisite minimum area.
*120 The next area measured 120 feet by 20 feet or 2400 square feet and was described as “sheds—used for animals and junk.” The deputy assessor excluded this area because the location of the sheds allegedly violated the setback requirements of the borough’s zoning ordinance. There was little justification by the deputy assessor for the exclusion of this area based on actual. permitted use. As Mrs. White indicated, this area contained a shed for rabbits and animal coops for chickens, along with another shed housing rare birds. I find that this area was actively devoted to farmland use and must be included in the overall minimum area computation.
The last area excluded by the deputy assessor was 80 feet by 30 feet or 2,400 square feet which he described as a grass area simply just not used for farmland. Mrs. White explained that this area which has a steep bank has fruit trees, nut trees and some evergreens. Additionally, plaintiffs harvest the grass for animal use. Here again, I find plaintiff’s testimony to be credible and accept the fact that this area was actively devoted to farmland use and, thus, must be included in the minimum area computation.
The total area of the portions which I have concluded should not have been excluded from the minimum area calculations equals 28,710 square feet (7,800 + 4,200 + 11,310 + 600 + 2,400 = 28,710 square feet). Subtracting this sum from the deputy assessor’s nonfarm use total of 47,364 square feet reduces the nonfarm use area to 18,654 square feet or .428 acres (18,654 divided by 43,560 [square feet in one acre] = .428 acres). The total area of the subject property of 5.58 acres less .428 acres leaves a total of 5.152 acres or clearly more than the minimum required to qualify for farmland assessment. I, therefore, conclude that plaintiffs are entitled to farmland assessment for the tax year of 1984.
The taxing district has presented a number of arguments which require some mention. First, defendant asserted that plaintiffs should have presented proofs of gross sales for the calendar year of 1983 as part of their case. This contention *121 is without merit. The pretrial order limited the issues and gross sales were not in question. This was confirmed at the outset of the trial.
Second, defendant urges that since the primary goal of the constitutional amendment for farmland assessment and the Farmland Assessment Act was to save the “family farm” and since plaintiffs’ property cannot be characterized as being within that traditional concept, plaintiffs’ operation should not be held to be within the purview of the act. This contention is also without merit. The purpose of the constitutional provision for farmland and its implementing legislation was to benefit landowners who complied with the objective criteria set forth even though that might protect those who would not be considered “farmers” in the traditional sense. In this regard the Tax Court in Centex Homes of N.J., Inc. v. Manalapan, supra, provided:
... the framers of the constitutional amendment realized that it would not prevent speculation and that speculators could benefit from the preferential treatment accorded by the farmland assessment program. The Governor’s Committee made a conscious policy decision that eligibility would be premised solely on the land qualifications. If land was utilized for agricultural or horticultural use, as outlined in the constitutional amendment and the implementing legislation, preferred valuation, assessment and taxation would follow. [4 N.J.Tax at 616]
Lastly, defendant contends that plaintiffs agricultural use is not the principal or dominant use of the land, rather it is residential. The facts simply belie this assertion.
The Clerk of the Tax Court is directed to enter judgment setting the assessment as follows:
Land $ 56,732
Improvements 155,200
Total $211,932

As used in this opinion "farmland” means land actively devoted to agricultural or horticultural use. N.J.S.A. 54:4-23.2, -23.7.