

I N T H E

# Indiana Supreme Court

Supreme Court Case No. 25S-TA-269

## Tulsi Sawlani, M.D., and Kamini Sawlani,
*Petitioners,*

—v—

## Lake County Assessor,
*Respondent.*



FILED

Oct 07 2025, 3:13 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Argued: June 26, 2025 | Decided: October 7, 2025

On Petition for Review from the Indiana Tax Court
No. 21T-TA-44
The Honorable Justin L. McAdam, Judge

**Opinion by Justice Goff**

Chief Justice Rush and Justices Massa, Slaughter, and Molter concur.

**Goff, Justice.**

The Indiana Constitution limits a taxpayer's property-tax liability to a certain percentage of the property's gross assessed value depending on the class of property. For "[t]angible property, including *curtilage*, used as a principal place of residence," a taxpayer's liability "may not exceed one percent" of the property's gross assessed value.[1] In implementing this constitutional tax cap, the Indiana Tax Code effectively limits a homeowner's property-tax liability for the "homestead" to one percent.[2] The Tax Code defines "homestead," in pertinent part, as the dwelling and real estate, "not exceeding *one (1) acre*," immediately surrounding the dwelling.[3]

The taxpayers here, owners of a home situated on 3.981 acres of land, argue that the one-acre size limit on the "homestead" is unconstitutional as applied to them because their curtilage exceeds one acre. We hold that, even if a person's curtilage could extend beyond one acre for tax purposes, the taxpayers here failed to show their excess property is curtilage and, thus, they failed to carry the burden of proving their constitutional claim. Accordingly, we reverse the Tax Court's judgment and remand with instructions to affirm the Indiana Board of Tax Review's determination in favor of the Lake County Assessor.

## Facts and Procedural History

Tulsi and Kamini Sawlani (the Taxpayers) own a two-story home situated on 3.981 acres of land in Crown Point, Indiana. The home is located in a gated community with a security guard, and access to the community is generally limited to residents and their guests. There is a fence surrounding the entire community but no fence on the Taxpayers' property. The Taxpayers have also retained trees on the property for

---

[1] Ind. Const. art 10, §§ 1(c)(4), (f)(1) (emphasis added).

[2] Ind. Code § 6-1.1-20.6-7.5(a)(1) (2019).

[3] I.C. § 6-1.1-12-37(k)(1) (emphasis added).

privacy and to limit visibility from a neighboring subdivision, but the trees do not form distinguishing boundaries around the entire lot. The Taxpayers desire privacy and say they use the entire parcel to maintain privacy. For the 2019 tax assessment, the Lake County Assessor (or just Assessor) classified one acre as the "homestead" and applied a standard deduction and supplemental credit, effectively taxing one acre at one percent of the gross assessed value of the property. *See* Ind. Code § 6-1.1-20.6-7.5(a)(1) (2019); I.C. § 6-1.1-12-37(k). But the Assessor classified the other 2.981 acres as non-residential property and applied a three-percent tax. *See* I.C. § 6-1.1-20.6-7.5(a)(5).

The Taxpayers petitioned the assessment to the Lake County Property Tax Assessment Board of Appeals (the County Board). Though not disputing the total assessed value of their property, the Taxpayers argued that the one-acre size limit under code section 6-1.1-12-37(k) (or the Homestead Statute) violates Article 10, Section 1 of the Indiana Constitution. In their view, the additional 2.981 acres of property is curtilage and is therefore also entitled to the one-percent tax cap under Article 10, Section 1, making the Homestead Statute unconstitutional as applied to them. The County Board rejected Taxpayers' claims, and the Indiana Board of Tax Review (the Board) affirmed. Though acknowledging that Taxpayers "may be correct that their 2.981 acres of excess residential acreage could be considered 'curtilage,'" the Board concluded that it has no authority to declare a statute unconstitutional and is bound by the one-acre size limit in the Homestead Statute. App. Vol. 2, p. 47. Taxpayers appealed to the Tax Court.

In a for-publication opinion, the Tax Court reversed the Board's determination, concluding that "the Constitution does not permit a fixed one-acre limitation on the amount of land eligible for the one percent tax cap." *Sawlani v. Lake Cnty. Assessor*, 240 N.E.3d 734, 736 (Ind. Tax Ct. 2024). The Tax Court reasoned that, because Article 10, Section 1 imposes no size limit on a property's "curtilage," the Homestead Statute's one-acre limit could be unconstitutional as applied to some homeowners who own more than one acre. *Id.* at 750–51. The Tax Court endorsed a "case-by-case evaluation" whereby taxpayers with more than one acre of land may appeal their assessments to determine whether the excess acreage

qualifies as part of that taxpayer's curtilage. *Id.* at 751. Because the Board "did not make sufficient factual findings" to determine whether the statute is unconstitutional as applied to Taxpayers, the Tax Court remanded for further proceedings to determine whether Taxpayers' excess acreage "is used as part of the [Taxpayers'] principal place of residence, consistent with the statutory and constitutional frameworks." *Id.* at 752.

The Assessor sought review with this Court which we now grant through a separate order. *See* Ind. Appellate Rule 63(A).[4]

# Standard of Review

This Court reviews the Tax Court's decisions on the constitutionality of a statute de novo. *See State Bd. of Tax Comm'rs v. Town of St. John*, 702 N.E.2d 1034, 1037, 1039 (Ind. 1998); *Horner v. Curry*, 125 N.E.3d 584, 588 (Ind. 2019).

# Discussion and Decision

Under Article 10, Section 1 of the Indiana Constitution, "[t]he General Assembly shall, by law, limit a taxpayer's property tax liability" in one of several ways, depending on the class of property involved. Ind. Const. art. 10, §§ 1(c)(4), (f)(1). For "[t]angible property, *including curtilage*, used as a principal place of residence," a taxpayer's liability "may not exceed one percent (1%) of the gross assessed value of the property that is the basis for the determination of property taxes." *Id.* (emphasis added). This constitutional tax cap is implemented through the Indiana Code. The Homestead Statute defines a homeowner's "homestead," in pertinent part, as a "dwelling and the real estate, *not exceeding one (1) acre*, that

---

[4] Because the constitutionality of a state statute was called into question, we notified the State, and the Attorney General intervened. *See* I.C. § 34-33.1-1-1(a) (2024). We also received amicus briefs from the Association of Indiana Counties, the Indiana Association of Realtors, Matthew Schiffler, and William Rainsberger. We thank them for their helpful submissions.

immediately surrounds that dwelling" and is used as the "principal place of residence" of the homeowner. I.C. §§ 6-1.1-12-37(k)(1), (2) (emphasis added). A person is entitled to a credit against their homestead's property-tax liability in the amount by which the property tax exceeds one percent. I.C. § 6-1.1-20.6-7.5(a). In other words, property taxes on a homeowner's "homestead" are effectively capped at one percent.

Taxpayers argue that, because the Constitution caps property taxes at one percent for tangible property, "including curtilage," used as a principal place of residence, and because some taxpayers may use more than one acre of their property as curtilage, the Homestead Statute's one-acre limit is unconstitutional as applied to them and others similarly situated.[5] We ultimately conclude there is no need to determine if Article 10, Section 1 permits a one-acre limit given that Taxpayers presented insufficient evidence that they use their excess property as "curtilage." We therefore reverse the Tax Court's judgment and remand with instructions to affirm the Board's determination in favor of the Assessor.

## I. Even if "curtilage" has no size limit, the Taxpayers fail to show how the Homestead Statute's one-acre limit is unconstitutional as applied to them.

Statutes are "clothed with the presumption of constitutionality until clearly overcome by a contrary showing." *Whistle Stop Inn, Inc. v. City of Indianapolis*, 51 N.E.3d 195, 199 (Ind. 2016) (quoting *Paul Stieler Enters., Inc. v. City of Evansville*, 2 N.E.3d 1269, 1272–73 (Ind. 2014)). "The party challenging the constitutionality of the statute bears the burden of proof,

---

[5] The median lot size in Indiana is less than one acre. *See How Lot Sizes Have Changed*, Build Indiana Roots (Aug. 6, 2021), http://bit.ly/44GWPoR [https://perma.cc/52LD-XRTC]. So, for most Hoosier homeowners, their entire property is taxed at one percent, and the Homestead Statute poses no constitutional issue. And because there's "at least one circumstance under which the statute can be constitutionally applied," a facial challenge to the statute would necessarily fail. *See Members of Med. Licensing Bd. of Ind. v. Planned Parenthood of Great Nw., Haw., Alaska, Ind., Ky., Inc.*, 211 N.E.3d 957, 975 (Ind. 2023) (internal quotation marks and citation omitted).

and all doubts are resolved against that party." *State Bd. of Tax Comm'rs*, 702 N.E.2d at 1037. When "two reasonable interpretations of a statute are available, one of which is constitutional and the other not, we will choose that path which permits upholding the statute." *Id.*

"When a question arises under our Constitution, this Court must examine 'the language of the text in the context of the history surrounding its drafting and ratification, the purpose and structure of our Constitution, and case law interpreting the specific provisions.'" *Holcomb v. Bray*, 187 N.E.3d 1268, 1277 (Ind. 2022) (quoting *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 27 N.E.3d 737, 741 (Ind. 2015)). This Court approaches the words of the Constitution with "particular deference, as though every word had been hammered into place." *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013) (quoting *Embry v. O'Bannon*, 798 N.E.2d 157, 160 (Ind. 2003)). Constitutional interpretation requires a search for "the *common understanding* of both those who framed it and those who ratified it." *Paul Stieler Enters., Inc.*, 2 N.E.3d at 1273 (quoting *City Chapel v. South Bend*, 744 N.E.2d 443, 447 (Ind. 2001)) (emphasis added).

## A. The Taxpayers argue that the plain meaning of "curtilage" has no size limit.

To discern the "common understanding" of the framers and ratifiers of the constitutional provision, Taxpayers argue that we should look to the plain meaning of "curtilage." The ordinary definition of "curtilage" is "a yard, courtyard, or other piece of ground included within a fence surrounding a dwelling house." *Curtilage*, Webster's Third New Int'l Dictionary 558 (2002 ed.). "Curtilage" also means "the area around a house that includes grounds, outbuildings, and fencing intimately associated with domestic life in the house," and has "*no standard limits as to square footage or size* or nature of what is put on the ground." *Curtilage*, Mellinkoff's Dictionary of American Legal Usage 145 (1992) (emphasis added). From these definitions, Taxpayers argue that the framers and ratifiers understood "curtilage" to have no size limit.

Taxpayers also look at how other jurisdictions describe "curtilage" for property-tax-assessment purposes. In *Bullis School, Inc. v. Appeal Tax Court*

*for Montgomery County*, the property-tax exemption for farm buildings and curtilage extended to thirty-four acres of a 285-acre farm. 114 A.2d 41, 42 (Md. 1955). In *McTague v. Monroe Township*, two acres of a forty-acre parcel were exempt as curtilage because the area was reasonably required for the "full enjoyment and occupancy of [the] dwelling." 1 N.J. Tax 66, 68, 72 (N.J. Tax Ct. 1980). And in *Solebury Township Board of Supervisors v. Bucks County Board of Assessment and Revision of Taxes*, twenty-five acres of a 71.68-acre parcel constituted reasonable curtilage. 1966 WL 226518, at *1 (Pa. Commw. Ct. Aug. 29, 1966). Based on this precedent from other jurisdictions, Taxpayers argue "curtilage" can extend beyond one acre.

Instead of size, Taxpayers look to the four-factor test in *United States v. Dunn* as a way to determine whether an area is curtilage. 480 U.S. 294, 301 (1987). In *Dunn*, the United States Supreme Court held that the curtilage of the home is protected against warrantless searches under the Fourth Amendment because an "individual reasonably may expect that the area in question should be treated as the home itself." *Id.* at 300. Whether an area is "curtilage" for purposes of a search depends on (1) the proximity of the area to the home, (2) whether the area falls within an enclosure surrounding the home, (3) the nature of the uses to which the area is put, and (4) the steps taken by the resident to protect the area from observation by passersby. *Id.* at 301. Therefore, according to Taxpayers, whether an area is curtilage generally depends on the use of the property.

Looking at the plain meaning of "curtilage," and the application of "curtilage" in the tax-assessment and Fourth Amendment contexts, Taxpayers argue that curtilage has no fixed size limit. Therefore, according to Taxpayers, the Homestead Statute's one-acre limit is unconstitutional as applied to homeowners who use more than one acre as curtilage.

## B. The Assessor argues the framers and ratifiers of Article 10, Section 1 understood the one-percent tax cap could be limited to one acre.

To amend the Indiana Constitution, the General Assembly must pass the same resolution in two consecutive legislative sessions separated by an intervening general election. Ind. Const. art. 16, § 1(a); I.C. § 2-2.1-1-1(2) (2024). The proposed amendment is then submitted to the voters at the next general election who can then ratify the amendment with a majority vote. Ind. Const. art. 16, §§ 1(b), (c). The Assessor argues that the framers and ratifiers understood Article 10, Section 1 as codifying the existing statutory tax cap on the "homestead," including its one-acre size limit, into the Constitution.

In 2008, the General Assembly passed Senate Joint Resolution 1 to amend the Indiana Constitution with the current language of Article 10, Section 1(f). The digest of the resolution said the amendment would limit a taxpayer's property-tax liability on "homestead property" to one percent. Digest of S.J. Res. 1, 115th Gen. Assemb., 2nd Reg. Sess. (Ind. 2008), http://bit.ly/4nONrG0 [https://perma.cc/2UDB-CQMW]. Almost simultaneously, the General Assembly enacted Indiana Code section 6-1.1-20.6-7.5(a)(1) (effective Jan. 1, 2009) which capped a person's property-tax liability for the "homestead" at one percent. *See* Pub. L. No. 146-2008, § 223, 2008 Ind. Acts 2307, 2538. In the statute, the General Assembly defined "homestead" as an individual's principal place of residence consisting of "a dwelling and the real estate, *not exceeding one (1) acre*, that immediately surrounds that dwelling." *Id.* § 115, 2008 Ind. Acts at 2414 (emphasis added). In 2010, the next General Assembly adopted the same resolution from 2008 to amend the constitution. The 2010 resolution's digest also said the amendment would cap property taxes at one percent for the "homestead." *See* Digest of H.J. Res. 1, 116th Gen. Assemb., 2d Reg. Sess. (Ind. 2010), http://bit.ly/3KEbjOe [https://perma.cc/Y8SF-WP64]. After the resolution was passed through two consecutive General Assemblies, the amendment was ratified by voters in the 2010 general election. But when voting to ratify the amendments, voters never saw the word "curtilage." Instead, the public question on the ballot asked voters if

property taxes should be limited to "1% for an owner-occupied primary residence (*homestead*)." Pub. L. No. 113-2010, § 185, 2010 Ind. Acts. 1342, 1554 (emphasis added).

According to the Assessor, the word "homestead" in the public question and the near simultaneous enactment of the statutory tax cap and resolution mean voters understood the amendment as codifying the statutory tax cap, including the one-acre limit, into the Constitution. *See* Eric Bradner, *Property Tax Caps Decision Now Officially Up to Voters*, Evansville Courier & Press (Jan. 19, 2010, at 11:06 a.m.), http://bit.ly/4nHROCS [https://perma.cc/D5EF-UU63] ("The [constitutional] caps would limit property tax bills to 1 percent of assessed value for homeowners. … Those caps became state law in 2008, but lawmakers also sought to make them permanent by amending them into the constitution as well."). And given that it is reasonable to interpret the Homestead Statute as constitutional, the Assessor contends the statute should be upheld. *See State Bd. of Tax Comm'rs*, 702 N.E.2d at 1037.

## C. Even if "curtilage" has no size limit, the Taxpayers fail to prove they use more than one acre as curtilage.

But we need not decide if Article 10, Section 1 permits limiting "curtilage" to one acre because, even if a size limit is impermissible, Taxpayers fail to show they use more than one acre as curtilage. "The party challenging the constitutionality of [a] statute bears the burden of proof," and Taxpayers failed to meet their burden of proving the Homestead Statute's one-acre limit is unconstitutional as applied to them. *See State Bd. of Tax Comm'rs*, 702 N.E.2d at 1037. The Taxpayers offered *Dunn* as an example of one way to determine curtilage, but even applying the *Dunn* factors, they failed to show how their excess land is curtilage. The Taxpayers say they desire privacy, but there is no fence on the property, the trees do not form a distinguishable boundary around the lot, and the Taxpayers presented no evidence to the Board that they use the *entire* plot in such a way that it should be treated as the home itself. And the fact that the Taxpayers' home is in a gated community with a security guard does not itself establish that the entire plot of land is curtilage. *See*

*United States v. Powell*, 943 F. Supp. 2d 759, 786 (E.D. Mich. 2013) (analyzing whether an area is curtilage even within a gated community). Because Taxpayers presented insufficient evidence that they use more than one acre as curtilage, even under *Dunn*, Taxpayers failed to meet their burden of proving the Homestead Statute's one-acre limit is unconstitutional as applied to them.

## Conclusion

Those challenging the constitutionality of a statute face a high burden of proof, and the Taxpayers failed to meet their burden here. Even if Article 10, Section 1 does not permit limiting curtilage to one acre, Taxpayers failed to prove they use more than one acre of their property as curtilage, so we express no view on the merits of Taxpayers' constitutional claim. Because the Taxpayers failed to prove the Homestead Statute is unconstitutional as applied to them, we reverse the Tax Court's decision and remand with instructions to affirm the Board's determination in favor of the Assessor.

Rush, C.J., and Massa, Slaughter, and Molter, JJ., concur.

ATTORNEY FOR PETITIONERS
Gerold L. Stout
Stout Law Firm
Lowell, Indiana

ATTORNEYS FOR RESPONDENT
Ayn K. Engle
Indianapolis, Indiana

Ricardo A. Hall
Quintairos, Prieto, Wood & Boyer, P.A.
Merrillville, Indiana

ATTORNEYS FOR INTERVENOR — STATE OF INDIANA

Theodore E. Rokita
Attorney General of Indiana

James A. Barta
Solicitor General

Jenna M. Lorence
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE—ASSOCIATION OF INDIANA COUNTIES
Marilyn S. Meighen
Brian A. Cusimano
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE—INDIANA ASSOCIATION OF REALTORS, INC.
Benjamin A. Blair
Brent A. Auberry
Jane Dall Wilson
Faegre Drinker Biddle & Reath LLP
Indianapolis, Indiana

AMICUS CURIAE PRO SE
William Rainsberger
Indianapolis, Indiana

AMICUS CURIAE PRO SE
Matthew Schiffler
Indianapolis, Indiana